### 4163.   PHILLIPS *v.* THE STATE.

1. While provocation by mere words, threats, or menaces will not reduce the crime of assault with intent to murder to the statutory offense of shooting at another, yet if such words, threats, or menaces were sufficient to arouse a reasonable fear on the part of the accused that his life was in danger, and he shot under the influence of this fear, the shooting would be justifiable.

2. In the absence of a timely written request the trial judge is not bound to charge the jury upon a theory of law presented solely by the statement of the accused. But if he does charge upon such a theory, he should give the law fully and fairly, both for the State and for the accused.

3. In the present case it was error, requiring the granting of a new trial, to charge the jury that words, threats, menaces, or contemptuous gestures will in no case free the person killing from the guilt and crime of murder, without adding the qualification that it was for the jury to say whether the use of such words, threats, menaces, or contemptuous gestures by the person shot was sufficient to arouse a reasonable fear on the part of the accused that her life was in danger.

DECIDED JUNE 5, 1912.

Conviction of shooting at another; from Floyd superior court—Judge Maddox. March 23, 1912.

*Ennis & Shaw,* for plaintiff in error.

*John W. Bale, solicitor-general,* contra.

POTTLE, J. The accused was placed on trial for the offense of assault with intent to murder, and was convicted of the statutory offense of shooting at another, and, upon the recommendation of the jury, was sentenced as for a misdemeanor. The evidence was amply sufficient to authorize the verdict. Complaint is made of the following instructions to the jury: "Provocation by words, threats, menaces, or contemptuous gestures shall in no case be sufficient to free the person killing from the guilt and crime of murder." The assignment of error upon this charge is that the jury were not instructed, either in connection with this charge or elsewhere, that they might consider whether or not the words, threats, menaces, or contemptuous gestures were sufficient, under the circumstances surrounding the shooting, to arouse a reasonable fear on the part of the accused that her life was in danger and that she shot while under the influence of that fear. In no case where the accused relies upon provocation arising from the use, by the person assaulted, of words, threats, menaces, or contemptuous gestures, if the defense of reasonable fear is involved in the case under the evidence, should the trial judge charge broadly the language of the statute to the effect that in no case will provocation by words, threats, menaces, or contemptuous gestures be sufficient to free the person killing from the crime and guilt of murder, without adding the qualification that if, however, such words, threats, menaces, or contemptuous gestures were used, and were sufficient, under all the circumstances of the case, to arouse a reasonable fear on the part of the accused that his life was in danger, and if he shot while under the influence of such fear, he would be justifiable. The mere use of words, threats, menaces, or contemptuous gestures will

never be sufficient to reduce a crime from murder to manslaughter, or from assault with intent to murder to shooting at another, or stabbing, as the case may be; yet they are sometimes sufficient to justify the fear of a reasonable man that his life is in danger, and, therefore, authorize his acquittal. *Cumming* v. *State,* 99 *Ga.* 662 (27 S. E. 177) ; *Rossi* v. *State, 7 Ga. App.* 732 (68 S. E. 56) ; *Landrum* v. *State, 9 Ga. App.* 115 (70 S. E. 353).

Counsel for the State, while conceding the correctness of this general proposition, contend that in the present case it is no cause for ordering a new trial, for the reason that the defense of reasonable fear arose alone under the prisoner's statement, and that as there was no written request for the instruction, the failure to qualify the charge is no cause for a new trial. Of course, it is well settled, under numerous decisions of this court and of the Supreme Court, that the judge is not bound, in the absence of a written request, to charge upon a theory of defense arising solely from the prisoner's statement; but in the present case there was no evidence of any menaces or threats used by the person assaulted, and this contention likewise arose solely from the prisoner's statement. In other words, under the statement of the accused, the person assaulted used menaces and threats which may have aroused a reasonable fear on the part of the accused that her life was in danger. The judge, therefore, was not bound to charge the jury at all upon the subject of provocation by words, threats, menaces, or contemptuous gestures, nor was he bound to charge upon the doctrine of reasonable fears. But if he did charge in favor of the State, upon facts which arose only from the prisoner's statement, it was manifestly unfair to the accused to fail to give the qualification in her favor which the law, as applied to her statement, demanded. In other words, the proposition may be stated broadly that, while the trial judge is not bound to charge upon a theory presented solely by the prisoner's statement, in the absence of a timely written request so to do, yet if he does so, he must charge the law correctly and give the accused the benefit of that theory of the law which the statement demands. Under this view of the matter, the principle decided in the cases above cited is controlling, and a new trial should be granted.          *Judgment reversed.*