### 5191.  DUNN v. THE STATE.

HILL, C. J.  1. The charge of the court on that portion of section 65 of the Penal Code relating to "provocation by words, threats, menaces," etc., excepted to, was erroneous, under the decision of this court in *Rossi* v. *State,* 7 *Ga. App.* 732 (68 S. E. 56), and that of the Supreme Court in *Cumming* v. *State,* 99 *Ga.* 662 (27 S. E. 177) ; and a new trial should have been granted on this ground.

2. The theory of voluntary manslaughter is reasonably deducible from the evidence for the accused, and it was not error to charge the jury on that subject.

3. There was no error in refusing to allow the accused to prove that he made no effort to leave the county or to escape after the commission of the homicide.

4. The assignments of error other than those dealt with above need not be determined, since it is not probable that the alleged errors will occur on another trial.                 *Judgment reversed.*

DECIDED OCTOBER 28, 1913.

Indictment for murder—conviction of voluntary manslaughter; from Fannin superior court—Judge Patterson. August 15, 1913.

In one of the grounds of the motion for a new trial, error is assigned on instructions of the court to the jury, consisting of the language of section 65 of the Penal Code; "for the following reasons:  (*a*) In this case it was insisted that the homicide was committed by the defendant under the fears of a reasonable man that a serious bodily injury or a felony was about to be perpetrated upon him by the deceased, and movant insists that it was error to charge the jury that 'provocation by words, threats, menaces, or contemptuous gestures will in no case free the defendant from the guilt and crime of murder,' without telling the jury, in the same connection, that 'while words, threats, or menaces will not mitigate the offense, and while even the heat of passion, supposed to be

irresistible, presents no excuse for homicide, nevertheless words, threats, or menaces may justify a killing, if the circumstances be such as to reasonably arouse the fears of a reasonable man that a felony is about to be committed upon him.' (*b*) The court at no place in his charge instructed the jury that words or menaces may justify a killing, if the circumstances be such as reasonably to arouse the fears of a reasonable man that a felony is about to be committed upon him."

*B. L. Smith, T. A. Brown, J. A. Headden, N. A. Morris, G. D. Anderson,* for plaintiff in error.

*Herbert Clay, solicitor-general, William Butt,* contra