5625.  JACKSON *v.* THE STATE.

1. Profane, obscene, and abusive words alone do not justify one in shooting another.
2. As to a defense arising solely from the defendant's statement to the court and jury in the trial of a criminal case, the court need not charge the jury, when there is no written request to give such an instruction, but if the court attempts to do so, the law covering that defense should be given.
3. According to the defendant's statement at the trial, the man who was shot not only used profane, abusive, and violent language towards the defendant, and thrust his hand in his hip-pocket as if about to draw a weapon, but was advancing on the defendant in a threatening manner, with his hand in his hip-pocket and using such language, when the defendant shot him. The court specifically charged the jury on the theory that the man who was shot did not attempt to do more than put his hand in his pocket and use profane and defiant language, but the charge did not fully cover the theory presented by the defendant's statement; the instruction on this point being to the effect that if one should put his hand in his pocket and use to another language of the kind stated, "without effort or apparent effort to do more," the other party would not be justified in shooting him. The jury would have been authorized to believe that the language used by the person shot, and his thrusting his hand in his hip-pocket, together with his advancing on the defendant in the menacing manner stated, aroused in him a reasonable fear that his life was in danger or that a felony was about to be committed on his person. It was a question for them whether the circumstances were such as to arouse in him such a fear, and whether he shot under the influence of such fear, for the purpose of protecting his life or person. If the jury believed that such was the case, they would have been authorized to acquit him. The failure of the court to give the jury instructions covering this theory of the defense, while charging as stated above, was error requiring a new trial.

DECIDED MAY 16, 1914.

Indictment for assault with intent to murder; from Floyd superior court—Judge Wright. March 7, 1914.

*Eubanks & Mebane,* for plaintiff in error.

*W. H. Ennis, solicitor-general, Walter B. Shaw,* contra.

ROAN, J. Julius Jackson was tried on a charge of assault with intent to murder, and was found guilty of shooting at another, with a recommendation that he be punished as for a misdemeanor. His motion for a new trial was overruled, and he excepted.

1. Besides the usual general grounds of the motion for a new trial, there were two grounds complaining of certain parts of the judge's charge to the jury. The charge complained of in one of these grounds was as follows: "The defendant admits that he shot Derby Wood with a shotgun. You look and see if he was justifiable in doing so. I charge you, as a matter of law, one would never be justifiable in shooting one on account of obscene words or cursing, no matter how vile, profane, or abusive they might be." The court no doubt, intended, by this to instruct the jury (and they probably understood it to mean) that as a matter of law one would never be justified in shooting another on account alone of the use of obscene words or curses by the person shot, no matter how vile, profane, or abusive they might be. So understood, there was no error in that portion of the charge.

2. In the next ground of the motion for a new trial it is alleged that the court erred in charging the jury as follows: "I charge you that if one should put his hand in his pocket, defying another to make him leave a spot, and curse him, no matter how profane the language might be, and say to him, 'You can't make me leave here,' without effort or apparent intent to do more, the party who shot, if he did shoot, under such circumstances, would be guilty either of assault with intent to murder, or of the lesser offense of shooting at another, and would not be justifiable under such circumstances." This part of the charge was based upon a theory of defense arising solely from the prisoner's statement at the trial. No witness testified that the person shot had put his hand in his pocket and used this language. Under the law as announced by many decisions of this court and the Supreme Court, the trial judge, in the absence of a written request, was not bound to charge the jury on a defense arising solely from the prisoner's statement, but where the judge does undertake to charge upon a theory advanced alone in the statement of the accused, it is his duty to give the law covering that theory, so the jury may apply it if they be-

lieve the statement. The jury would have been authorized, if they believed the statement of the defendant to attribute the shooting to a reasonable fear on his part that he was about to be assaulted and seriously harmed by the man he shot. He stated not only that abusive and profane words were used towards him, but that at the same time the man he shot "run his hand in his hip-pocket" and advanced towards him, and the shooting occurred while the man who was shot was advancing on him in that way. While provocation by mere words, threats, or menaces will not justify one in shooting another, yet if the words, threats, and menaces were sufficient to arouse in him the fear of a reasonable man that his life was in danger, or that a felony was about to be committed on his person, and he shot under the influence of such fear, the shooting would be justifiable. It may be that this defendant was under the influence of such fear when he shot the person who used violent words to him coupled with a menace; at least the jury should have been left free to determine whether or not he was under such fear. The jury should have had this theory presented to them by the charge, so they could pass thereon. The judge in his charge gave them no opportunity to say by their verdict that it was justifiable. Under the authority of the decisions in *Cumming* v. *State, 99 Ga.* 662 (27 S. E. 177), and *Phillips* v. *State, 11 Ga. App.* 262 (75 S. E. 14), and other cases, for this failure on the part of the judge, which is complained of in the motion for a new trial, his judgment overruling the motion is                                        *Reversed.*