## 5511. MANSON v. THE STATE.

1. The evidence was sufficient to authorize an instruction to the jury on the law of manslaughter.
2. While it is not obligatory on the judge presiding in the trial of a criminal case to give in charge to the jury the law applicable to a theory of defense raised only by the statement of the accused, unless there be a timely written request so to do, yet when a given charge relates, or may reasonably be understood as relating, to a theory advanced by the defendant's statement, it should not be expressed in such terms as to mislead the jury as to the law applicable to that theory. *Ragland* v. *State*, 111 *Ga.* 211; *Roberts* v. *State*, 112 *Ga.* 542; *Stephens* v. *State*, 118 *Ga.* 762; *Phillips* v. *State*, 11 *Ga. App.* 262 (75 S. E. 14); *Jackson* v. *State*, 14 *Ga.. App.* 608 (81 S. E. 905); *Nunn* v. *State*, 14 *Ga. App.* 695 (82 S. E. 56).
3. It has been uniformly held by this court that a charge to the jury that "provocation by words, threats, menaces, or contemptuous gestures shall in no case be sufficient to free the person killing from the guilt and crime of murder" (Penal Code, § 65), should not be given, without qualification or explanation, where there is a theory of the evidence, or of the defendant's statement to the jury, on which the jury might find that the person killing acted in self-defense, on account of a reasonable fear aroused in his mind by menaces, etc., considered in connection with the other facts in the case.

DECIDED SEPTEMBER 11, 1914.

Indictment for murder; from Emanuel superior court—Judge Rawlings. January 13, 1914.

*Saffold & Jordan*, for plaintiff in error.

*R. Lee Moore, solicitor-general*, contra.

WADE, J. The defense set up in the defendant's statement to the jury was that the person killed—a "big and dangerous man," who had been drinking—was advancing upon him with an open knife, cursing him and using threatening language, when the homicide occurred, and that it was committed in self-defense, under the fear of a reasonable man that his life was in immediate danger or that a felony was about to be committed on his person. While provocation by words, threats, or menaces alone will not reduce below the grade of murder a homicide which is the result merely of passion or resentment thus provoked, words, threats, and menaces may, in some circumstances, be sufficient to arouse in the mind of the person to whom they are directed a reasonable fear that his life is in immediate danger, or that a felony is about to be committed on his person; and whether in a particular case they were sufficient to arouse such fear is a question for the jury. *Cumming* v. *State*,

99 *Ga.* 662 (27 S. E. 177) ; *Clay* v. *State,* 124 *Ga.* 795 (53 S. E. .179).    This should be made clear to the jury, where such a defense is set up, if the court gives a charge on the effect of words, threats, and menaces; though if the court does not charge at all on the subject, the omission of an instruction on this point, when there is no written request for such an instruction, will not require a new trial in a case in which this defense is set up only by the defendant's statement.

In the charge of the court in the present case the jury were instructed that "provocation by words, threats, menaces, or contemptuous gestures shall in no case be sufficient to free the person killing from the guilt and crime of murder;" and no further charge was given as to words, threats, etc. This language, taken from section 65 of the Penal Code (as to what is necessary to reduce to voluntary manslaughter a homicide which is the result merely of passion), is there employed for the purpose of making it clear that one who kills another merely because of passion must have better provocation for his passion than mere words, threats, menaces, or contemptuous gestures, before the law will make allowance for his taking human life. There was evidence in this case which authorized instructions on the law of manslaughter; but in view of the defense set up in the defendant's statement, the court, in giving in charge this language from section 65 of the Penal Code, should have limited it expressly to the purpose for which it was employed in that section, and should have instructed the jury as to their right to consider words, threats, and menaces, in determining whether the circumstances leading up to or attending the homicide were such as to justify the fears of a reasonable man that his life was in immediate danger or that a felony was about to be committed upon his person. Although the language in question was used in connection with language expressly referring to manslaughter, it is very broad. The instruction is that "in no case" is provocation by threats, menaces, etc., a defense for homicide. While it is true that "provocation," in one sense of the word, is "an action or mode of conduct that excites resentment or vindictive feeling; a cause of anger" (Standard Dictionary), and, as used in the code section referred to, it has been so construed by the Supreme Court and by this court, it is nevertheless also understood and defined in the broader sense of "an incitement to action" (Standard Dictionary),

"that which arouses or moves" (Webster's International Dictionary) ; "provoke" is defined as "to call forth, cause, occasion" (Century Dictionary) ; and jurors may understand it in this broader sense, and construe the language of the instruction in question as meaning that "in no case" of homicide is the person killing freed "from the guilt and crime of murder" by the fact that threats or menaces have moved him to act, whether by arousing his passion or by arousing his fears. It is but natural that men unlearned in the law should so understand it, when learned judges of trial courts have construed it in the same sense. It seems to have been so construed by the able trial judge in the *Cumming* case, supra, who charged the jury that a fear growing out of and only supported by words, threats, menaces, or contemptuous gestures, is not the fear that would justify a homicide.

In a case in which life or liberty is at stake, there should not be left any room for misunderstanding or doubt in the minds of jurors as to the meaning of the language in question; and this court can not hold that such misunderstanding or doubt is prevented by placing this language after or between instructions on manslaughter, and by following it with the language of the code as to justifiable homicide, or with other instructions (as the judge did in this case) to the effect that the homicide would be justifiable if "the circumstances" were such as to excite the fears of a reasonable man, etc. If the instructions previously given were understood as meaning that "in no case" were words, threats, or menaces justifying circumstances, we can not hold that this impression would be removed by general instructions to the effect that if "the circumstances" justified the fears of the person killing, the homicide would be justifiable. Assignments of error similar to those made in this case as to the charge in question have often been passed upon by this court, and have uniformly been sustained. *Holland* v. *State*, 3 *Ga. App.* 467 (60 S. E. 205) ; *Rossi* v. *State*, 7 *Ga. App.* 732 (68 S. E. 56) ; *Phillips* v. *State*, 11 *Ga. App.* 262 (75 S. E. 14) ; *Dixon* v. *State*, 12 *Ga. App.* 17 (5) (76 S. E. 794) ; *Brown* v. *State*, 12 *Ga. App.* 722 (2) (78 S. E. 352) ; *Dunn* v. *State*, 13 *Ga. App.* 682 (79 S. E. 764) ; *Nunn* v. *State*, 14 *Ga. App.* 695 (82 S. E. 56) ; *Jackson* v. *State*, 14 *Ga. App.* 608 (81 S. E. 905) ; *Burnsed* v. *State*, 14 *Ga. App.* 845 (82 S. E. 595). And see, in this connection, *Bates* v. *State*, 4 *Ga. App.* 492 (3) (61 S. E. 888) ; *Fallon* v. *State*,

5 *Ga. App.* 659 (2), 662 (63 S. E. 806) ; *Garner* v. *State, 6 Ga. App.* 789 (8) (65 S. E. 842) ; *Jones* v. *State,* 7 *Ga. App.* 334 (66 S. E. 961) ; *Spence* v. *State,* 7 *Ga. App.* 828-9, 833-4 (68 S. E. 443) ; *Mixon* v. *State,* 7 *Ga. App.* 805 (9) (68 S. E. 315) ; *Brown* v. *State, 8 Ga. App.* 383 (6) (69 S. E. 46) ; *Alexander* v. *State, 8 Ga. App.* 531 (2) (69 S. E. 917) ; *Landrum* v. *State, 9 Ga. App.* 115 (70 S. E. 353) ; *Dorsey* v. *State,* 2 *Ga. App.* 230-2 (58 S. E. 478-9).    *Judgment reversed. Roan, J., absent.*