## 6889. WATKINS *v.* THE STATE.

1. There is no substantial merit in the grounds of the motion for a new trial relating to the exclusion of evidence.

2. Where, in a criminal trial, the judge has fully and fairly charged the jury on the law relating to reasonable doubt of guilt, he is not bound to comply with a request to instruct them in effect that if they have a reasonable doubt as to the existence of some particular and specially enumerated fact, or as to what should be the proper inference there-

from, it would be their duty to give the accused the benefit of such doubt. *McDuffie* v. *State*, 90 *Ga.* 786 (17 S. E. 105).

3. The court did not err in refusing the grant of a new trial on account of the alleged newly discovered evidence, as it is clearly cumulative and impeaching in character and is not such as probably would change the result on another trial. *Park* v. *State*, 126 *Ga.* 575 (55 S. E. 489). "To render alleged newly discovered evidence available as cause for a new trial, it should appear that the evidence itself is newly discovered, not merely that certain named witnesses by whom the facts can be proved were unknown until after the trial." *Burgess* v. *State*, 93 *Ga.* 304 (20 S. E. 331).

4. The court did not err in overruling the motion for a new trial.

DECIDED MAY 2, 1916. REHEARING DENIED MAY 31, 1916.

Conviction of manslaughter; from Muscogee superior court—Judge Gilbert. August 6, 1915.

*Hatton Lovejoy, T. T. Miller,* for plaintiff in error.

*George C. Palmer, solicitor-general,* contra.

WADE, J. The only ground of the motion which we deem it necessary to discuss is that relating to the refusal of the trial judge to give to the jury certain instructions requested by the defendant. The defendant requested the court in writing to charge the jury as follows: "(1) I charge you that it is not incumbent upon the defendant to show that the killing was actually necessary, but it will be sufficient if the accused at the time of the killing believed, and had good reason to believe, that the killing was necessary to save his life or prevent a felonious assault. (2) I further charge you that if you have a reasonable doubt as to whether the defendant believed the killing was actually necessary, it will be your duty to find the defendant not guilty. (3) I further charge you that if you have a reasonable doubt as to the truth of any one of the material facts charged in this indictment, you should acquit the defendant." The court gave charge number 1, but declined to give the other instructions requested. The jury were instructed generally as follows: "The defendant enters upon the trial with the presumption of innocence, and that presumption continues with him throughout the trial, until it has been overcome by proof sufficient to convince you of his guilt beyond a reasonable doubt. The burden is upon the State to satisfy you of his guilt by evidence of such weight and character as will remove all reasonable doubt. This obligation resting upon the State applies to every essential ingredient of the charge brought against him." While elsewhere in the charge the doctrine of reasonable doubt was referred to, it will

be observed that, in the excerpt above quoted the judge specifically stated that the burden resting upon the State, to satisfy the jury of the guilt of the accused by evidence sufficient to remove all reasonable doubt, applies to "every essential ingredient of the charge brought against him."

Under repeated rulings of the Supreme Court and of this court it is not error for the court to omit an instruction to the jury in connection with each contention, or with different features of the evidence or phases of the case, that they must be convinced beyond a reasonable doubt; and it has been time and again held that one general instruction presenting fairly to the jury the law as to reasonable doubt is sufficient. Nor does the fact that there is a request to charge on the subject of reasonable doubt in connection with some particular feature of the case alter the rule; for if it were reversible error to refuse such requests, notwithstanding full and clear instructions had been given the jury to the effect that they could not convict unless convinced of the guilt of the accused beyond a reasonable doubt, a judge might be required to interlard his instructions to the jury with such frequent references to the doctrine of reasonable doubt, as applying to each and every feature of the case or every fact suggested by the evidence, as would render his charge unintelligible, or, at best, greatly confused. In the present case the court, as stated above, specifically instructed the jury that the State must satisfy their minds of the guilt of the accused beyond a reasonable doubt "as to every essential ingredient of the charge brought against him."

After having given the first requested charge (which instructed the jury that it was not incumbent upon the defendant to show that the killing was actually necessary, but that it would be sufficient if the accused, at the time of the killing, believed, and had good reason to believe, that the killing was necessary to save his life or to prevent a felonious assault), to have charged the jury further, as requested by the defendant, that if they had a reasonable doubt as to whether the defendant believed the killing was actually necessary, it would be their duty to find the defendant not guilty, would have been merely to specifically instruct them on the law of reasonable doubt as relating to a particular theory of the defense. Under the ruling in *McDuffie* v. *State,* cited in the headnote, it is apparent that the refusal of the judge to give this

instruction to the jury was not error, in view of his general instruction as to reasonable doubt, quoted above, which was comprehensive enough to include this precise defense. In the light of what has been said in reference to the charge actually given, it certainly was not error to fail to give the third instruction requested,— "I further charge you that if you have a reasonable doubt as to the truth of any one of the material facts charged in this indictment, you should acquit the defendant,"—for not only was one general instruction on the doctrine of reasonable doubt all that was necessary, but the instruction actually given was sufficiently comprehensive to practically cover the request refused, and to apply the doctrine of reasonable doubt to all the material allegations of the indictment.

It is insisted by the plaintiff in error that charge number 2 should have been given, under the ruling in *Dunn* v. *State,* 16 *Ga. App.* 9, 10 (84 S. E. 488). The 8th paragraph of the decision in that case reads as follows: "In a criminal prosecution the State carries the burden of establishing every fact necessary to prove the material allegations of the indictment, and for that reason an appropriate and timely written request to the effect that if the jury have a reasonable doubt as to the existence of any fact necessary to make out the case as charged in the indictment, it is their duty to give the benefit of the doubt to the defendant and acquit him, should not be refused." If in fact there be any conflict between this ruling and that in *McDuffie* v. *State,* supra, it is enough to say that the decisions of the Supreme Court are binding precedents upon this court, and that the rule as laid in the *McDuffie* case must be adhered to. The decision in the *Dunn* case was rendered by two Judges only, and would not bind this court as a precedent in other cases, even if the point had not been definitely decided by the Supreme Court, whose decisions we are required to follow. The writer participated in the rendition of the judgment in the *Dunn* case, but it is sufficient to say in his behalf, as well as in behalf of his colleague who wrote the opinion, that there was no intention to depart from the holdings of the Supreme Court on the exact point, but, through inadvertence, in the haste necessarily incident to the rendition of the great number of decisions which fall to the lot of the Judges of this court, the ruling made was not sufficiently guarded.

The rule laid down in the *McDuffie* case has been adhered to by the Supreme Court, without exception, since the rendition of that decision, and has heretofore been recognized by this court. In *Carr* v. *State,* 84 *Ga.* 250 (4), 255 (10 S. E. 626), it was said: "A correct charge on reasonable doubt as to the whole case and all the evidence is sufficient. It is not incumbent upon the court to carve the case or the evidence into different propositions, and apply the rule of reasonable doubt to one or more of them severally." This court said in *Raper* v. *State,* 16 *Ga. App.* 121 (84 S. E. 560): "Where the law as to the burden on the State, to convince the jury of the guilt of the accused beyond a reasonable doubt, is given in charge by the judge in such manner as to apply to the whole case and include every feature of it, it is not necessary that he shall repeat such instructions in connection with each reference he makes to the different elements constituting the crime charged, or in connection with each reference to different counts in the indictment, or in connection with each contention of the State or the accused, or in connection with each reference made to evidence adduced at the trial." See also *Bowen* v. *State,* 16 *Ga. App.* 179 (3), 183 (84 S. E. 793), and citations. In *Tolbert* v. *State,* 127 *Ga.* 827 (56 S. E. 1004), the Supreme Court quotes with approval the following expression taken from the decision in *Carr* v. *State,* supra: "It is not the duty of the court to carve up the case into different propositions, and instruct the jury specifically on each as to reasonable doubt, but to submit the case as a whole upon all the evidence, and instruct upon the subject of doubt in appropriate terms upon the whole case." The ruling made in *Mitchell* v. *State,* 71 *Ga.* 128 (7), is discussed and criticised in the *McDuffie* case, supra. In *Dotson* v. *State,* 129 *Ga.* 727 (59 S. E. 774), error was assigned because the court refused a request to give to the jury an instruction applying the doctrine of reasonable doubt to certain specific features of the case on trial; the request made being substantially taken from the 7th headnote in the *Mitchell* case, supra, and the court said that the decision in the *Mitchell* case was concurred in by two Justices only, and had not been followed or approved. In *Delk* v. *State,* 92 *Ga.* 453 (17 S. E. 269), a request to charge, in almost the same language as that employed in the *Mitchell* case, was refused, and the Supreme Court held, that, the charge given being full and fair on the subject of

reasonable doubt in connection with the law of self-defense, including reasonable fears, there was no error in refusing to give the requested charge, "even if this request was a correct statement of the law." This court in *Mixon* v. *State,* 7 *Ga. App.* 805, 809 (68 S. E. 315), said, in reference to the refusal of the court to charge the jury on the subject of reasonable doubt in connection with a particular defense, that "it is enough, to dispose of the exception, to say that the judge in his general charge fully covered the question as to reasonable doubt and as to reasonable fears."

As was said at the outset, we do not deem it necessary to discuss the various other exceptions. They are without any substantial merit, and the pressure of numerous other cases which await decision compels us to refrain from the attempt to present an analysis of each ground of the motion, or to attempt an application thereto of the well-recognized rules of law which govern our decision.                                          *Judgment affirmed.*

ON MOTION FOR REHEARING.

RUSSELL, C. J., dissenting. Since our attention has been more specifically directed, by the motion for a rehearing, to the several purposes for which the testimony of Ethel Ferguson might have been serviceable to the defendant in corroboration of his statement, and to its legal admissibility for that purpose (and I think the evidence was admissible), I am constrained to admit that the learned judge erred in repelling the testimony to the exclusion of which exception is taken in the 5th ground of the amendment to the motion for a new trial, and that a new trial should have been granted. I therefore dissent from the judgment denying a rehearing.