## 6669. DEAL v. THE STATE.

1. Without regard to the propriety of the instruction complained of therein, the 4th ground of the motion for a new trial, which complains of an excerpt from the charge of the court touching the law of murder, is without merit, both for the reason that the defendant was convicted of manslaughter, and because the court did not thereby intimate any opinion as to who was the aggressor in the fatal encounter.

2. No expression or intimation of opinion as to what was proved was made by the trial judge in the instructions complained of in the 5th and 6th grounds of the motion for a new trial.

3. The court did not, in instructing the jury that "there is involved in this case another grade of homicide," express or intimate an opinion that the defendant was guilty either of voluntary manslaughter or of any other grade of homicide.

4. There was no harmful error in declining to permit a witness, who was not offered as an expert and did not qualify as an expert, to answer hypothetical questions or give his opinion whether or not certain shot fired from the gun of the defendant would have struck the deceased if he had been standing in a particular position suggested by the question. It does not appear that the witness had given any facts or reasons for the conclusion or opinion anticipated from him, and generally the opinion of a witness as to the existence of a fact is not admissible in evidence. Penal Code, § 1047. See also *Central Railroad* v. *DeBray*, 71 *Ga.* 407 (8).

5. The court did not err in excluding testimony of a witness touching a self-serving narrative said to have been given to him by the accused a short time after the tragedy. The evidence was not admissible as part of the res gestæ, since it was not so closely connected with the occurrence as to be free from all suspicion of device or afterthought, and a mere narrative ordinarily carries with it the impression of afterthought. *Southern Railway Co.* v. *Brown*, 126 *Ga.* 4 (54 S. E. 911), and citations; Park's Annotated Penal Code, § 1024, and citations.

6. The admission of the evidence set forth in the 9th and 10th grounds of the motion for a new trial furnishes no ground for reversal. The testimony complained of in the 9th ground was offered in rebuttal of the defendant's statement to the jury; and it does not appear that the evidence complained of in the 10th ground was harmful, even if for any reason inadmissible.

7. The court on giving in charge to the jury the provisions of the Penal Code as to voluntary manslaughter, that "provocation by words, threats, menaces, or contemptuous gestures shall in no case be sufficient to free the person killing from the guilt and crime of murder," did not err in failing, in that immediate connection, to qualify this charge by instructing the jury that provocation by words, threats, menaces, or contemptuous gestures might be considered by the jury in determining whether or not the defendant acted under the fears of a reasonable man at the time the fatal shot was fired. and that if he did act under such fears, he was

justifiable and should be acquitted.  See *Deal* v. *State*, 145 *Ga.* 33 (88 S. E. 573).

8. The evidence was sufficient to support the verdict.

DECIDED MAY 18, 1916.

Indictment for murder—conviction of manslaughter; from Bulloch superior court—Judge Hardeman.  May 12, 1915.

*Deal & Renfroe, H. B. Strange, B. T. Rawlings,* for plaintiff in error.  *R. Lee Moore, solicitor-general, Hines & Jordan,* contra.

WADE, J.  We deem it unnecessary to discuss any of the rulings stated in the headnotes, except that covered by the 7th headnote.

. The trial judge in this case apparently charged the jury in conformity with the rulings made in *Manson* v. *State,* 14 *Ga. App.* 837 (82 S. E. 763), and in the great number of cases decided by this court which are cited in support of that decision.  After he had charged them that.. "provocation by words, threats, menaces, or contemptuous gestures shall in no case be sufficient to free the person killing from the crime of murder" (Penal Code, § 65) he gave them, in another part of his charge, the following instructions:  "In determining whether or not the defendant acted upon the fears of a reasonable man, you are confined to no fact or circumstance.  While words, threats, menaces, or contemptuous gestures can never justify the excitement of passion, I do charge you that under the doctrine of reasonable fears, you have the right to consider words, threats, menaces, and contemptuous gestures, acts, and everything apparent to the defendant at the time of the homicide, in determining in your province, as sole judges of the facts of this case,  . .  whether or not the defendant was acting under the fears of a reasonable man."  Exception was taken to the instruction quoted from section 65 of the Penal Code, supra, touching words, threats, and menaces, on the ground that the court erred in failing to instruct the jury *in immediate connection* therewith that words, threats, and menaces might be considered by them in determining whether or not the defendant acted under the fears of a reasonable man at the time the fatal shot was fired.  It is insisted that the qualification that words, threats, and menaces might justify the killing, if the jury concluded that they were sufficient to excite the fears of a reasonable man, should have been given *in immediate connection* with the previous instruction as to words, threats, and menaces.  So far as we have ascertained from an examination of its previous decisions, this court has never

gone so far as to hold that the qualifying instruction referred to must be given in immediate connection with the general instruction that provocation by words, threats, and menaces would in no case be sufficient to relieve a defendant from the crime of murder. Nevertheless, in view of the numerous decisions by this court holding it to be error for a judge to give section 65 of the Penal Code in charge to the jury without further instructing them (even where not requested to do so) that provocation by words, threats, and menaces might be sufficient to excite the fears of a reasonable man and justify him in slaying his opponent on account of such fears so aroused, we thought it best to certify the question raised in this record to the Supreme Court, and also to propound to that court the specific question whether or not the ruling in the *Manson* case, supra, was in conflict with certain rulings by the Supreme Court on the general question there decided.

It may not be amiss for the writer to say that while he was in part responsible for the decision in the *Manson* case, he nevertheless believed, at the time that decision was rendered, that the rulings of the Supreme Court in *Price* v. *State,* 137 *Ga.* 71 (72 S. E. 908), and *Futch* v. *State,* 137 *Ga.* 75 (72 S. E. 911), as well as other rulings by that court, were entirely at variance with the many rulings of this court upon which the decision in the *Manson* case was based. Owing to the illness and absence of one of the Judges of this court when the decision in the *Manson* case was made, the previous rulings of this court could not be questioned and reviewed in the manner prescribed by law, since this could be done only by the concurrence of a full bench (Civil Code, § 6207), and the writer could not by his unaided efforts certify the question to the Supreme Court for solution. It is therefore unnecessary to say that the holding by the Supreme Court in the present case, that the rule laid down in the *Manson* case was in conflict with the rulings of the Supreme Court on the general subject, created in the mind of the writer no especial sensation of surprise. In fact the entire court as now constituted was rather of the opinion, when the question was certified to the Supreme Court, that several recent rulings of the last-named court, including that in *Butler* v. *State,* 143 *Ga.* 484, were perhaps altogether at variance with the various rulings of this court on the subject. Since the decisions of the Supreme Court are binding as authority

on this court, we might have acted on our interpretation of the several pronouncements from that court referred to, and have in terms overruled the previous holdings of this court, but, considering the importance of the question and the advisability of removing all confusion by having the matter definitely determined by the court having final authority in determining the law of the State, we thought it best to certify the point to the Supreme Court, and obtain a clear and authoritative utterance from that court. By reference to the decision of the Supreme Court in this case (145 *Ga.* 33 (88 S. E. 573)), the reasons for the ruling will be seen, and it is unnecessary for us to add anything to what is there explicitly set forth.                                   *Judgment affirmed.*