### 7769.  HARRIS *v.* THE STATE.

HODGES, J.  1.  The evidence for the State made out a case of murder. The evidence for the accused made out a case of voluntary manslaughter or of justifiable homicide. The court did not err in charging upon the law of voluntary manslaughter.

2.  Under the facts of the case the court did not err in charging that "provocation by words, threats, menaces, or contemptuous gestures shall in no case be sufficient to free the person killing from the guilt and crime of murder" (Penal Code, § 65). This instruction could not in any way mislead or confuse the jury; and there is no merit in the exception that the court failed to charge that "words, threats, menaces, or contemptuous gestures" might be considered by the jury in determining whether the defendant was acting under the fears of a reasonable man that a felony was about to be committed upon him; there being no request for such an instruction. *Deal* v. *State*, 145 *Ga.* 33 (88 S. E. 573); 18 *Ga. App.* 70 (7) (88 S. E. 902).

3.  The court did not err in stating to the jury that the crime of stabbing is only a misdemeanor. To constitute the offense of assault with intent to murder, there must be a specific intent to kill; and the judge did not err in so charging.                                    *Judgment affirmed.*

DECIDED OCTOBER 31, 1916.

Indictment for murder—conviction of manslaughter.  Sumter superior court—Judge Littlejohn.  July 31, 1916.

*L. J. Blalock, Wallis & Fort,* for plaintiff in error.

*J. R. Williams, solicitor-general, Zach Childers,* contra.