### 8627. THOMPSON v. THE STATE.

WADE, C. J. 1. There is no merit in the general grounds of the motion for a new trial. The evidence of the only eye-witness authorized a verdict of manslaughter. It was for the jury to determine whether the accused was acting under the fears of a reasonable man at the time he fired the fatal shots, or under the influence of irresistible passion; and they had the right, in the light of the surrounding circumstances shown to exist by the testimony of the sole eye-witness, to discredit the conclusions of that witness and the defendant's statement to the jury,

in determining whether to the mind of a reasonable man there was an apparent existing necessity to take the life of the deceased in order to prevent a felonious assault by him upon the defendant. Besides, it appears in the 6th ground of the motion for a new trial that the written request submitted to the court by counsel for the defendant requested an instruction to the jury that if "the defendant killed the deceased not through fears of a reasonable man, but through the excitement of passion only, without deliberation, the defendant would not be guilty of murder, but would be guilty of voluntary manslaughter;" and while the judge refused to give to the jury the entire instruction requested, he did instruct them touching the law of voluntary manslaughter; and the defendant, through his counsel, having invoked a charge on that subject, can not be heard to complain that the evidence would only warrant the finding of justifiable homicide or of murder. *Hopkins* v. *State,* 119 *Ga.* 569 (46 S. E. 835) ; *Partee* v. *State,* 19 *Ga. App.* 752 (92 S. E. 306), reviewing *Griggs* v. *State,* 17 *Ga. App.* 302 (86 S. E. 726).

2. The 4th ground of the motion for a new trial assigns error upon the refusal of the court to give in charge to the jury a requested instruction touching the law of circumstantial evidence. The instruction referred to contained the statement that "where the State relies upon circumstantial evidence to convict a defendant, the proven facts must not only be consistent with the hypothesis of guilt but inconsistent with the hypothesis of innocence," omitting the qualification fixed by statute (Penal Code, § 1010) that "the proved facts must not only be consistent with the hypothesis of guilt, but must exclude every other *reasonable* hypothesis save that of the guilt of the accused." It is therefore unnecessary to consider further this ground of the motion for a new trial, as in the absence of a proper and legal request in writing, it is not reversible error to fail to give in charge the law of circumstantial evidence, where there is both direct and circumstantial evidence of guilt; and in this case only the intention of the defendant was left to be inferred from the circumstances shown by direct evidence. See, in this connection, *Reddick* v. *State,* 11 *Ga. App.* 150 (3) (74 S. E. 901).

3. There is no merit in the 5th ground of the motion for a new trial, complaining of the court's refusal to give a requested instruction to the jury touching the character of the deceased for peace or violence, as established by "his general reputation in the community," to be considered by them "in determining the attitude of the deceased at the time of the killing, and upon the question as to the state of mind of the defendant in reference to his fears for his own safety from serious bodily injury, or from the infliction of a felony upon him." The requested charge was not warranted by the evidence, as there was no proof as to the "general reputation" of the deceased, nor was it shown that the defendant had any knowledge that he was a man of violent temper.

4. The 6th ground of the motion for a new trial is without merit. The court gave a general charge covering the doctrine of reasonable doubt,

12

and it was not error to omit an instruction to the jury, in connection with all the different features of the evidence or phases of the case, that the jury must be convinced beyond a reasonable doubt. "A correct charge on reasonable doubt as to the whole case and all the evidence is sufficient. It is not incumbent upon the court to carve the case or the evidence into different propositions, and apply the rule of reasonable doubt to one or more of them severally." *Carr* v. *State*, 84 *Ga.* 250 (4), 255 (10 S. E. 626). See also *Watkins* v. *State*, 18 *Ga. App.* 60 (88 S. E. 1000), and various cases there cited and discussed. Such part of this request as embodied proper and legal instructions was substantially covered by the charge as a whole.

5. The 7th ground of the motion for a new trial is likewise without merit, since the judge fully covered the law of self-defense in his charge as submitted to the jury, and gave sufficient instructions touching the fears of a reasonable man that a felony was about to be committed upon him.

6. The 8th ground of the motion for a new trial complains of the refusal of the court to give a requested charge to the jury that they might take into consideration the disparity in the size and physical strength of the deceased, if any, etc. This charge was not authorized by the evidence, as there was no testimony as to any disparity between the parties to the fatal affray in either size or strength, there being no evidence as to the size or strength of the slayer. The defendant himself was before the jury, but he is not in person before this court, and, in the absence of any testimony, we can not conclude whether he was strong or weak, large or small.

7. The 9th ground of the motion for a new trial alleged that "the defendant was put on trial without arraignment, the defendant's counsel having, just prior to the time he pleaded not guilty, stated to the solicitor-general that he could not waive arraignment, that he would possibly want to challenge the array of the jurors, at the same time running his pen through the waiver of arraignment on the indictment, and the State's having failed to arraign the defendant, being a substantial legal right, said trial and conviction was illegal and void." It does not appear from this ground of the motion for a new trial that the attention of the court was brought to the fact that the defendant had not been formally called upon to enter a plea to the indictment. The fact that counsel for the defendant stated to the solicitor-general that he could not waive arraignment, and struck the waiver of arraignment on the indictment, did not "bring to the attention of the court" the failure to call formally upon him to enter his plea to the indictment. *Brown* v. *State*, 19 *Ga. App.* 619 (91 S. E. 939); *Perry* v. *State*, 19 *Ga. App.* 619 (91 S. E. 939), and cases there cited. "One placed on trial in a criminal case will be held to have waived formal arraignment, unless, at the time of entering his plea of not guilty, he calls the attention of the court to the fact that he did not intend to waive arraignment. Merely striking from the printed waiver on the back of an accusation or indictment the words 'waives formal arraignment' will not entitle the accused, after verdict, to take advan-

tage of the fact that he was not formally arraigned, when at the time the plea was entered and before the trial was begun the attention of the court was not called to the fact that the accused had not waived arraignment." *Harris* v. *State*, 11 *Ga. App.* 137 (74 S. E. 895).

8. There is no merit in the remaining assignments of error, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. George and Luke, JJ., concur.*

DECIDED JUNE 13, 1917.

Indictment for murder—conviction of manslaughter; from Richmond superior court—Judge Henry C. Hammond. March 10, 1917.

*Isaac S. Peebles Jr.,* for plaintiff in error.

*A. L. Franklin, solicitor-general, John M. Graham,* contra.

