### 12711. PHINAZEE *v.* THE STATE.

BROYLES, C. J. 1. The court, when instructing the jury upon the law of manslaughter, did not err in charging all of section 65 of the Penal Code of 1910, including the provision that "provocation by words, threats, menaces, or contemptuous gestures shall in no case be sufficient to free the person killing from the guilt and crime of murder," although the provision quoted was charged without explanation or qualification. *Deal* v. *State,* 145 *Ga.* 33 (88 S. E. 573); s. c. 18 *Ga. App.* 70 (7) (88 S. E. 902).

2. The instructions complained of upon the subjects of "other equivalent circumstances," and "cooling time," were distinctly favorable to the accused, and were not harmful error (if error at all) for any reason assigned.

(*a*) The excerpt from the charge of the court upon the subject of justifiable homicide, given in connection with the charge upon "cooling time," when considered in connection with the entire charge, was sufficiently full, in the absence of a request for more particular instructions upon that subject.

3. An instruction to the jury that " every person has the right to take human life when necessary to prevent the loss of his own life, or in defense of his person against one who manifestly intends or endeavors, by violence or surprise, to commit a felony on him," is not subject to the exceptions, (1) that it "confused and commingled the law of justifiable homicide as contained in sections 70 and 71 of the Penal Code with the law of self-defense as contained in section 73 of the code," or (2) that the provisions of section 73 were not applicable to the case, as there was no evidence of mutual combat. The charge here complained of consisted substantially of the applicable portions of section 70, and did not contain any part of section 73.

(*a*) In giving the above charge the court properly omitted that part of the section relating to the defense of habitation or property, as neither the evidence nor the defendant's statement at the trial authorized any instruction upon those phases of the law of justifiable homicide.

4. Ground 5 of the motion for a new trial is treated as abandoned, since it is not referred to in the brief of counsel for the plaintiff in error, and there is no statement in the brief that all the grounds are insisted upon.

5. There is no substantial merit in ground 6 of the motion for a new trial.

6. "It is well settled by numerous rulings of the Supreme Court and of this court that the law of voluntary manslaughter may properly be given in charge to the jury on the trial of one indicted for murder, where, from the evidence or from the defendant's statement to the jury, there is *anything deducible* which would tend to show that he was guilty

of manslaughter, voluntary or involuntary, or which would be sufficient
to raise a *doubt* as to whether the homicide was murder or manslaugh-
ter." *May* v. *State,* 24 *Ga. App.* 379, 382 (100 S. E. 797), and citation.
(a) In the instant case some of the evidence and the defendant's state-
ment to the jury showed that a very brief time before the homicide the
defendant and the deceased quarreled, that the deceased called the de-
fendant vile and opprobrious names, that both left the scene of the
quarrel and returned near thereto almost immediately, the deceased
with a razor and the defendant with a pistol, and that the deceased ad-
vanced upon the defendant with the razor in her hand and that the de-
fendant shot and killed her. These circumstances were amply sufficient
to show a mutual intent to fight, and the court properly charged the
law of voluntary manslaughter. Furthermore, the defendant, in her
statement to the jury, said that when she was told that the deceased
was dead she said that *she didn't intend to kill her.* This statement,
tended to show that the killing was not necessary to save the defend-
ant's life, and that she so realized at the time of the killing, and this
admission, in connection with the evidence adduced, authorized a charge
upon the law of manslaughter, there being no contention that the
shooting of the deceased was accidental.
7. The verdict was authorized by the evidence, and the court did not err
in overruling the motion for a new trial.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*
DECIDED NOVEMBER 16, 1921.

Indictment for murder; conviction of voluntary manslaugh-
ter; from Lamar superior court — Judge Searcy. June 23,
1921.

*Redding & Lester,* for plaintiff in error.
*E. M. Owen, solicitor-general,* contra.