21711. PATTERSON *v.* THE STATE.

DECIDED FEBRUARY 16, 1932.

*W. O. Cooper Jr.,* for plaintiff in error.

*Charles H. Garrett, solicitor-general,* contra.

LUKE, J. The defendant was convicted of assault with intent to murder, and excepts to the overruling of his motion for a new trial.

The defendant in his statement said, in effect and substance, that he shot the prosecutor under reasonable fears that the prosecutor was about to commit a felony upon him,—that is, cut him with a knife. The only special ground of the motion for a new trial alleges that the court erred in charging the jury, in part, as follows: "The *only* ground he could be found not guilty in the case is that you should not be satisfied that he acted strictly in self-defense under an emergency at the time." (Italics ours.) This charge constitutes reversible error, because it excluded from the consideration of the jury the defense of reasonable fear on the part of the defendant that his life was endangered by the prosecutor or that a felony was about to be committed upon him by the prosecutor, which defense was raised by the defendant's statement. The exception is not to an omission to charge on a theory raised solely by the defendant's statement, but is to an instruction *actually given* that conflicted with the law which provides that the jury may consider any lawful defense raised by the defendant's statement, giving it such weight as they see proper. No instruction should have been given which would preclude the jury from determining whether the defendant shot under a reasonable fear that his life was in danger or that a felony was about to be committed upon him by the prosecutor. "While the trial judge is not bound to charge upon a theory presented solely by the prisoner's statement, in the absence of a timely written request so to do, yet *if he does so,* he must charge the law correctly and give the accused the benefit of that theory of the law which the statement demands." (Italics ours.) *Phillips* v. *State,* 11 *Ga. App.* 262 (75 S. E. 14) ; *Jackson* v. *State,* 14 *Ga. App.* 608, 610 (81 S. E. 905) ; *Key* v. *State,* 21 *Ga. App.* 300 (94 S. E. 283) ; *Hart* v. *State,* 28 *Ga. App.* 258 (110 S. E. 745) ; *Garland* v. *State,* 124 *Ga.* 832 (2) (53 S. E. 314) ; *Dotson* v. *State,* 129 *Ga.* 727 (3) (59 S. E. 774).

The judgment is reversed solely because of error in the charge as pointed out in the special ground of the motion for a new trial. *Judgment reversed. Bell, J., concurs. Broyles, C. J., dissents.*

Broyles, C. J., dissenting. In my opinion the excerpt from the charge (complained of in the motion for a new trial), when considered in the light of the entire charge and the facts of the case, was not erroneous for any reason assigned. Furthermore, the theory of the defense, which the ground of the motion alleges was not charged upon by the court, either in the excerpt complained of or elsewhere in the charge, was raised (if raised at all) solely by the statement of the defendant, and, under numerous and repeated decisions of the Supreme Court and of this court, the failure to charge upon a theory so raised is not error, in the absence of a request so to charge.