30594. BIRD *v.* THE STATE.

644

*P. Z. Geer,* for plaintiff in error.

*R. A. Patterson,* solicitor-general, *Hooper & Miller,* contra.

MacINTYRE, J. ■ In special ground 1 of the motion for new trial the defendant "complains of the court's not charging, even without a written request, the law of justifiable homicide under section 26-1014. This section of the Code is applicable only in cases wherein mutual combat is involved. We respectfully insist that mutual combat was involved in this case, and that the court erred in not charging the jury, as complained of in this ground of the amended motion. Especially so in view of the fact that the court did actually charge the jury on voluntary manslaughter, as based upon mutual combat. Therefore, the court's omission to charge as complained of in ground one of the amended motion is reversible error." The language of the charge, while not using the exact words embodied in section 26-1014, was yet fully sufficient to convey the meaning and application of the principle stated in this Code section. *Travelers Insurance Co.* v. *Anderson,* 53 *Ga. App.* 1 (184 S. E. 813) ; *Slocumb* v. *State,* 157 *Ga.* 131 (121 S. E. 116).

■ Special ground 2 "complains of the court not charging the jury, even without a written request to do so, on involuntary manslaughter. We [the defendant] respectfully insist that under the evidence in this case, involuntary manslaughter was involved, and if so, [it] was reversible error of the trial court to *fail* to charge thereon." There is no merit in the complaint of the court's failure to charge on involuntary manslaughter. There was no request to so charge. Involuntary manslaughter was not involved under the evidence. Thus there is no merit in this ground. *Benton* v. *State,* 185 *Ga.* 254, 256 (194 S. E. 166).

■ Special grounds 3, 4, 5, 6, and 7(a) "except to the court charging the jury in this case on voluntary manslaughter, mutual combat, and the form of verdict in case of voluntary manslaughter, etc. We [the defendant] respectfully insist that under the evidence in this case, the defendant was either guilty of murder, or he was justified, and that no manslaughter was involved in the

case." The evidence, we think, amply authorized the charge on voluntary manslaughter and mutual combat; but there was no evidence authorizing a charge on involuntary manslaughter. Hence, these special grounds of the motion are not meritorious.

■ Special ground 7(b). "While provocation by words, threats, menaces, or contemptuous gestures is not sufficient to justify the excitement of passion and reduce a homicide below the grade of murder when the killing is done, not on account of any fear in the mind of the slayer, but solely to resent the provocation given, it is nevertheless true that such acts may in some instances be sufficient to arouse the fears of a reasonable man that his life is in danger; the same being a question to be determined by the jury." *Johnson* v. *State,* 105 *Ga.* 665 (31 S. E. 399). The judge gave in charge to the jury the definition of murder and voluntary manslaughter, as set out in the Code, §§ 26-1002, 26-1003, 26-1004, 26-1006, 26-1007. Thus he charged, as a part of the definition of manslaughter, the following sentence: "Provocation by words, threats, menaces, or contemptuous gestures shall in no case be sufficient to free the person killing from the guilt and crime of murder." This sentence was given as a part of the definition of voluntary manslaughter as set out in the Code, § 26-1007, which was given in its entirety. After charging the above-stated Code sections he instructed the jury: "I charge you further, gentlemen, to constitute either the offense of murder or voluntary manslaughter, the killing must necessarily have been unlawful. The distinguishing features between murder and voluntary manslaugter are these: Murder means killing in malice, while voluntary manslaughter means an unlawful killing done in the heat of passion, done under that sudden violent impulse of passion supposed to be irresistible, and done with such suddenness that the voice of reason and humanity had not time to be heard. (I charge you further gentlemen, in connection therewith, this, that before one would be warranted in taking the life of another on account of words, threats, menaces, or contemptuous gestures, it must be made to appear by some act or deed done or committed by the person killed in connection with such words, threats, menaces, or contemptuous gestures, that he had the present purpose of immediately putting into execution such words, threats, menaces, or contemptuous gestures.") The portion of the quoted charge in parenthesis is ex-

cepted to on the ground that in the connection in which it was given it was not a correct statement of the law. It should be noted that the court did not charge that merely words, threats, menaces, or contemptuous gestures would, under some circumstances, reduce the killing from murder to manslaughter. If he had done so it would have been error. *Deal* v. *State,* 145 *Ga.* 33, 35 (88 S. E. 573) ; *Johnson* v. *State,* supra. But on the contrary he, in effect, charged that an act or deed done by the person killed in connection with words, threats, menaces, or contemptuous gestures may, in some instances, where the plea of justification is being considered, be sufficient to authorize the taking of the life of another, and that, where the words, threats, menaces, or contemptuous gestures may throw light upon that question, they should not be excluded from the consideration of the jury. *Morton* v. *State,* 190 *Ga.* 792, 803 (10 S. E. 2d, 836) ; *Johnson* v. *State,* supra. It is conceded that thereafter, in another portion of the judge's charge, the defendant was given the full benefit of the law with reference to the fears of a reasonable man which would justify a killing.

We think that the excerpt, when considered in the light of the charge as a whole, fully conveyed the meaning and application of the principle of law that "'while provocation by words, threats, menaces, or contemptuous gestures is not sufficient to justify the excitement of passion and reduce the homicide below the grade of murder when the killing is done, not on account of any fear in the mind of the slayer, but solely to resent the provocation given, it is nevertheless true that such *acts* may in some instances be sufficient to arouse the fears of a reasonable man that his life is in danger, the same being a question to be determined by the jury,' and that where words, threats, or contemptuous gestures may thus throw light upon *that question,* they should not be excluded from the consideration of the jury." (Italics ours.) *Morton* v. *State,* supra. See also *Williams* v. *State,* 57 *Ga. App.* 176 (194 S. E. 822) ; *Price* v. *State,* 137 *Ga.* 71, 75 (72 S. E. 908) ; *Holland* v. *State,* 3 *Ga. App.* 465 (3) (60 S. E. 205) ; *Brantley* v. *State,* 5 *Ga. App.* 458 (63 S. E. 519) ; *Deal* v. *State,* supra; *Vernon* v. *State,* 146 *Ga.* 709, 715 (92 S. E. 76). For a concise statement of the doctrine stated in *Cumming* v. *State,* 99 *Ga.* 662 (27 S. E. 177), see *Price* v. *State,* supra.

Thus the excerpt here excepted to, when considered in the light of the charge as a whole, was not an incorrect statement of the law, and the assignment of error so contending is not meritorious.

■ The evidence authorized the verdict of voluntary manslaughter, and the court did not err in overruling the motion for a new trial. *Judgment affirmed. Gardner, J., concurs.*

BROYLES, C. J., concurring specially. I concur in the judgment of affirmance and in the rulings stated in divisions 1, 2, 3, and 5 of the opinion, but do not concur in all of the rulings made in division 4. See *Deal* v. *State* (supra), and s. c., 18 *Ga. App.* 70 (7) (88 S. E. 902).