## PRICE *v.* THE STATE.

1. Under rule 5 of the superior courts (Civil Code (1910), § 6264) counsel may only demand a reasonable and proper extension of time for argument. Where, in addition to the two hours allowed by the rule for argument, counsel demanded another hour, and the court announced that he would allow half of the additional time requested, with the remark that the case could be properly argued within that time, and that in the circuit over which he presided there were good lawyers who rarely spoke over forty minutes, and where after the opening argument of defendant's counsel the court notified counsel that he would allow the full time requested, and the full time was actually consumed in the argument, it is no ground for new trial that the extension of time requested was refused in the first instance, and afterwards granted under the circumstances narrated.

2. Where the solicitor-general assigned, as a reason for speaking briefly in opening the case to the jury, that he was indisposed, and counsel for the defendant, in his argument made during the solicitor's absence from the court-room, asserted that in his opinion the real reason was that the solicitor did not believe the defendant to be guilty, a new trial will not be granted because the court allowed counsel for the State in the concluding argument to argue that the solicitor was sick, and that the deduction of counsel for the defendant was unwarranted.

3. In determining who was the aggressor in a conflict terminating in the death of one of the parties, the conduct of the parties, including their declarations immediately preceding the homicide, are parts of the res gestæ. Where a homicide occurred at a railroad junction point, it is competent to prove by the station agent that the decedent alighted from one train and inquired about a connection of the other train, just prior to the fatal rencounter, as tending to explain the presence and purpose of the decedent at the place of the homicide.

4. The charge on the subject of impeachment of witnesses was substantially like that approved in *Powell* v. *State,* 101 *Ga.* 9.

5. One cannot create an emergency which renders it necessary for another to defend himself, and then take advantage of the effort of such other

person to do so. The facts authorized an instruction to this effect, and the legal principle was not incorrectly stated in the charge complained of.

6. The summary of the court, concretely applying the law to the case, though containing a slight verbal inaccuracy, was not calculated to mislead the jury to the prejudice of the accused.

7. The statute defining voluntary manslaughter contains the declaration that "provocation by words, threats, menaces, or contemptuous gestures shall in no case be sufficient to free the person killing from the guilt and crime of murder." The reading by the court of the entire code section definitive of voluntary manslaughter (Penal Code, § 65) containing the quoted language, while charging on the subject of voluntary manslaughter, is not subject to the criticism that by so doing the court entrenched upon the law of justifiable homicide, in that the reading of the section tended to convey to the jury the implication that they could not consider threats, accompanied by menaces, as defined in *Cumming* v. *State*, 99 *Ga.* 662, as sufficient cause to arouse the fears of a reasonable man that his life is in danger or that a felony is about to be perpetrated upon him.

8. The charge was not subject to the criticisms made on it, and the verdict is supported by the evidence.

NOVEMBER 14, 1911.

Indictment for murder. Before Judge Worrill. Worth superior court. June 17, 1911.

*Perry, Foy & Monk, J. H. Cook, Jesse W. Walters & Son*, and *John R. Cooper*, for plaintiff in error.

*T. S. Felder, attorney-general*, and *W. E. Wooten, solicitor-general*, by *F. A. Hooper*, contra.

EVANS, P. J. Buster Price was convicted of the murder of A. E. Massey, and recommended to mercy. He excepts to the overruling of his motion for a new trial.

1, 2. Complaint is made that the court refused to allow counsel for the accused additional time to that prescribed by the rule of court for the argument of the case; and that the court allowed counsel who concluded the argument for the State to make an improper reply to the argument of defendant's counsel. The nature of the complaints and the rulings thereon are sufficiently stated in the first and second headnotes.

3. The homicide occurred at a junction of two railroads. The decedent arrived on one train and immediately inquired of the station agent concerning a connection on the other road, and was referred to the engineer of the latter road. This occurred shortly before the homicide. Objection was made to this testimony, on

the ground that it was hearsay and irrelevant. As bearing on the conflicting contentions as to who was the aggressor in the transaction wherein the deceased lost his life, his conduct just prior to the homicide was relevant. His inquiry of the station agent as to the schedule of the connecting train just before the homicide was a circumstance tending to elucidate his conduct and was a part of the res gestæ. *Mayes* v. *Power,* 79 *Ga.* 631 (4 S. E. 681).

4. Impeachment of a witness by proof of previous contradictory statements involves two propositions, viz.: whether the witness made the alleged contradictory statement, and, if he made the contradictory statement, its effect on his present testimony. The charge complained of was substantially like that criticised in *Powell* v. *State,* 101 *Ga.* 9 (29 S. E. 309, 65 Am. St. R. 277), and was not subject to the criticism that the jury was limited to the determination of the factum of the making of the alleged contradictory statement, nor that it was equivalent to a peremptory instruction that if the testimony of the attacking witness is believed, the witness attacked is successfully impeached.

5. The court charged: "In addition to that, gentlemen, I charge you this, that the party who sets up self-defense to justify himself in taking human life, under the law of justifiable homicide, must be without fault at the particular time, and in the particular act. One can not by his own act or conduct create a necessity in another to defend himself, and then justify himself in killing the party who attempts to defend himself against the necessity of the defendant's own creation. But of course that does not mean that he must be without any fault whatever during the entire transaction, but without fault at the time of the killing." The evidence authorized an inference that the accused provoked the difficulty and brought about the emergency which, as he contends, afforded a justification for the homicide. One cannot create an emergency which renders it necessary for another to defend himself, and then take advantage of the effort of such other person to do so. *Pryer* v. *State,* 128 *Ga.* 28 (57 S. E. 93). This excerpt from the charge is in harmony with this principle of law.

6. Exception is taken to this portion of the court's charge: "Applying the general principles that the court has given you, the court now charges you this: that if you believe from the evidence in this case beyond a reasonable doubt that the defendant, Buster Price, in

Worth county, at or about the date alleged in this bill of indictment, or at any time previous to the finding and returning of this bill of indictment into this court, when actuated by malice, either express or implied, on account of any opprobrious words used to him by the deceased, or on account of other cause, with a pistol .shot and killed the deceased in the manner and under the circumstances alleged in this bill of indictment, then the offense of murder would be made out, and you would be authorized in convicting him." Its vice is said to consist in stating an erroneous deduction from the stated hypothesis; that the use of the words "on account of other cause" deprived the accused of any defense. The criticism is clearly without merit. The instruction was to the effect that if the defendant killed the deceased in the manner and under the circumstances alleged in the bill of indictment, actuated by malice, which had just been defined as that deliberate intention unlawfully to take away the life of a fellow creature, the jury would be authorized to convict him. The use of the words "on account of other cause" at most could amount only to a verbal inaccuracy, and in connection with their context could not have misled the jury as to the meaning and intent of the court's instruction.

7. In his instruction on the law of voluntary manslaughter the court defined that grade of homicide in the language of Penal Code (1910), § 65. Exception is taken to that.part of the code section which declares that "provocation by words, threats, menaces, or contemptuous gestures shall in no case be sufficient to free the person killing from the guilt and crime of murder," as containing an implication that words and menaces are insufficient to excite the fears of a reasonable man that a felony is intended to be committed on his person, so as to justify a killing. We think this exception is entirely without merit. Surely it cannot be said that it is error to define manslaughter in the words of the statute. It is claimed that the statutory declaration, that provocation by words, threats, menaces, etc., shall not free the slayer from the guilt and crime of murder, militates against the code sections which justify a homicide by one who slays his antagonist under the influence of a reasonable fear that a felony is about to be perpetrated upon his person. The two principles of law are quite distinct. One who slays for no other reason than that he is provoked by words, threats, menaces, or contemptuous gestures of the person slain is guilty of murder.

Verbal threats or grimaces do not excuse a killing. On the other hand, the law justifies the taking of human life by a person under the influence of a reasonable fear that a felony is about to be inflicted upon his person, to prevent which he kills his adversary. A menace, as defined in *Cumming* v. *State,* 99 *Ga.* 662 (27 S. E. 177), may be sufficient to arouse such fear. As there defined a menace is "any overt act of a threatening character, short of an actual assault." Provocation caused by a menace neither mitigates nor excuses a homicide. But the fear of a reasonable man, engendered by the overt menacing act, that a felony is about to be committed on him may be sufficient to acquit the slayer of blame for the homicide. The language excepted to in no way qualifies the law of justifiable homicide, and is not calculated to mislead the jury into such erroneous impression. The doctrine of the *Cumming* case is that the court should not instruct the jury that a menace, as there defined, will in no case be sufficient to arouse the fears of a reasonable man that his life or person is in peril of a felonious assault. It is a misapplication of its principle to apply it to an exception like the one under consideration.

8. The issues made by the evidence were clearly submitted, and the charge was not open to the criticisms made on it. The evidence authorized the verdict, which has the approval of the trial judge, and no sufficient reason is made to appear for the granting of a new trial.

*Judgment affirmed. All the Justices concur, except Beck, J., absent, and Hill, J., not presiding.*