## ADKINS *v.* THE STATE.

ATKINSON, J. 1. The evidence authorized an instruction on the law of voluntary manslaughter.

2. Neither under the evidence nor the statement of the accused was the law of involuntary manslaughter involved in the case.

3. A ground of a motion for a new trial was without merit which alleged that the court erred in making the following statement in the presence of the jury: "I will let it in to discriminate between murder and voluntary manslaughter," it nowhere appearing in the motion to what the judge had reference.

4. A ground of a motion for a new trial which did no more than complain that the court erred "in letting in evidence, over objection of defendant's counsel, the account of a scuffle over a jug of whiskey which took place at the home of the deceased about one hour before the killing," was without merit.

5. A ground of a motion for a new trial assigning error upon the admission of evidence, over the objection of the accused, as to "the account of a fight," was without merit, where neither the substance of the evidence admitted nor the objection urged to the same was stated.

6. In defining the offense of voluntary manslaughter the judge, in the language of the Penal Code, instructed the jury that "Provocation by words, threats, menaces, and contemptuous gestures shall in no case be sufficient to free the person killing from the guilt and crime of murder." This charge was not erroneous because the judge did not further instruct "the jury that such words, threats, menaces, and contemptuous gestures if sufficient to cause defendant to fear that a felony was about to be committed upon his person." The ground of the motion is incomplete; and besides, the doctrine of reasonable fears has no connection with the offense of voluntary manslaughter.

7. The grounds of the motion for a new trial which are not referred to in the brief of counsel for plaintiff in error will be treated as abandoned.

8. The evidence was sufficient to support the verdict, and the court did not err in refusing to grant a new trial.

*Judgment affirmed. All the Justices concur, except Beck, J., absent, and Hill, J., not presiding.*

NOVEMBER 14, 1911.

Indictment for murder. Before Judge Rawlings. Toombs superior court. May 6, 1911.

*W. E. Brown* and *S. J. Cowart,* for plaintiff in error.

*T. S. Felder, attorney-general,* and *Alfred Herrington, solicitor-general,* by *Hines & Jordan,* contra.