### JOHNSON *v.* THE STATE.

HILL, J.  1. On the trial of the defendant charged with the offense of murder, the court in defining "express malice" charged the jury, among other things, that "Express malice is capable of proof, such as preparations to commit the offense; previous difficulties; such things as that indicate what the law calls express malice." There was evidence of a previous difficulty between the deceased and the defendant. This charge is not open to the objection that it "in substance told the jury

that such previous difficulty indicated what the law called express malice, without submitting it to the jury as a question of fact to be determined by them." *Henderson* v. *State*, 120 *Ga.* 504, 506 (48 S. E. 167).

2. Where the presiding judge, in dealing with the subject of manslaughter, charged the jury in the language of the Penal Code, § 65, he did not err in omitting in immediate connection therewith the law of reasonable fears which might be engendered by threats, together with an apparent attempt to put the same in execution.

(*a*) If such charge would have been proper under the evidence, in connection with the doctrine of reasonable fears, there was no written request therefor. *Futch* v. *State*, 137 *Ga.* 75 (2a), 76 (72 S. E. 911); *Price* v. *State*, 137 *Ga.* 71 (7), 72 (72 S. E. 908).

3. The verdict was supported by the evidence, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*

DECEMBER 10, 1912.

Indictment for murder. Before Judge Freeman. Troup superior court. October 5, 1912.

*M. U. Mooty,* for plaintiff in error. *T. S. Felder, attorney-general,* and *J. R. Terrell, solicitor-general,* contra.