### 5833. DARBY v. THE STATE.

WADE, J.   1. An instruction to the jury, defining voluntary manslaughter, which failed to advise them that, to constitute the crime, the killing must be unlawful, was erroneous, since an essential element of the offense was thereby eliminated.

2. In the absence of a timely written request, it was not error for the trial judge to omit all reference to the theory that the killing was purely accidental, since that theory was clearly suggested only by the statement of the accused.

3. A charge that "the theory of the law, in admitting dying declarations as evidence, is that a person would be just as *sure* [italics ours] to make a truthful statement when he was in the article of death, and when he knows that he is to leave this world and enter the next, as if he was under the sanctity of oath," was erroneous. The use of the word "sure" tended to indicate the judge's opinion as to the weight and

value of the dying statement as compared with testimony in conflict with it; and the instruction gave undue emphasis to evidence, the weight of which should be left for determination by the jury. *Baker* v. *State,* 12 *Ga. App.* 553 (4) (77 S. E. 884); *Pyle* v. *State,* 4 *Ga. App.* 811 (62 S. E. 540).

4. The court, near the conclusion of the charge to the jury, after having charged the law embodied in sections 70 and 71 of the Penal Code, instructed them as follows: "In connection with what I have already charged you, I will give you in charge this section of the code" (referring to section 73, which was thereupon given in charge). This was error, as the jury may have understood section 73 as qualifying what had been said previously in reference to justifiable homicide and reasonable fears. "The law embodied in the Penal Code, § 73, should never be given in charge to the jury in such a way as to confuse it with that contained in sections 70 and 71." *Jordan* v. *State,* 117 *Ga.* 405 (43 S. E. 747).

5. The court did not err in refusing a request to charge in reference to dying declarations, where the instruction requested was couched in strongly argumentative language, and its essential substance was included in instructions given.

6. The court erred in permitting Dr. Neal, a witness for the State, to testify to a statement of the deceased which was offered as a dying declaration, where it appeared that the witness was unable to say that the dying man was conscious of his condition and knew he was about to die, but testified on cross-examination: "He knew that he was dying. . . I do not know now that he thought so, but I think he thought so. . . I did not hear Mr. Moore [the deceased] remark that he thought so, but I say now I think he thought so. As to whether I knew that he thought so, I thought he thought so. I don't know now that he thought so, but I think he did. I did not hear him make any statements on the subject that he was dying." No sufficient foundation was laid for the introduction of the statement of the deceased.

7. The court erred in permitting one Todd, a witness for the State, to testify to the effect that the accused told him, in a certain conversation prior to the homicide, "that if Mrs. Moore [the wife of the deceased] had been a man, me or her one would have to die." The conversation related by the witness had no immediate connection with the homicide, and was with a person other than the deceased, and merely indicated the state of feeling on the part of the accused towards the wife of the deceased. The evidence was irrelevant and prejudicial.

8. The 10th ground of the amendment to the motion for a new trial was not approved by the trial judge. The exception based on the alleged disqualification of a juror need not be passed upon, as it is not probable that the same question will arise on the next trial. Except as indicated above, there is no substantial merit in any of the other assignments of error.      *Judgment reversed. Broyles, J., not presiding.*

DECIDED MARCH 30, 1915.

Conviction of manslaughter; from Toombs superior court—Judge Hawkins. May 8, 1914.

H. D. D. Twiggs, C. W. Sparks, E. G. Giles, J. W. Lankford, Hines & Jordan, for plaintiff in error.

R. Lee Moore, solicitor-general, Haygood & Cutts, contra.