## DEAL *v.* THE STATE.　HILL *v.* THE STATE.

1. On the trial of one for murder, where the evidence or the defendant's statement at the trial would authorize the jury to find that the person killing acted in self-defense on account of a reasonable fear aroused in his mind by words, threats, or menaces, in connection with the other facts in the case, it is not erroneous for the court, in instructing the jury on the law of voluntary manslaughter, as contained in the Penal Code of 1910, § 65, to fail or refuse to charge in immediate connection therewith the right of the jury to consider words, threats, or menaces in determining whether the circumstances attending the homicide were such as to justify the fears of a reasonable man that his life was in imminent danger or that a felony was about to be committed upon his person.

2. Instructions on the law of voluntary manslaughter and justifiable homicide should be independent of each other.

3. Although the facts of a given case might authorize an instruction as to the right of the jury to consider words, menaces, or threats, in connection with the facts of the case, as being sufficient to arouse the fears of a reasonable man that his person was in apparent or real danger of a felonious attack or that his life was in imminent danger, the failure to give such an instruction would not be erroneous solely for the reason that the court gave in charge to the jury the law of voluntary manslaughter in the language of the Penal Code of 1910, § 65.

APRIL 11, 1916.

Certified questions; from Court of Appeals (Cases 6669, 6783).

*Deal & Renfroe, H. B. Strange,* and *B. T. Rawlings,* for plaintiff in error (Deal).

*R. Lee Moore, solicitor-general, J. J. E. Anderson,* and *Hines & Jordan,* contra.

*Griffith & Matthews,* for plaintiff in error (Hill).

*J. R. Hutcheson, solicitor-general,* and *C. B. Weatherly,* contra.

EVANS, P. J. The Court of Appeals propounds the following question: "On the trial of one indicted for murder, where the evidence or the defendant's statement at the trial would authorize the jury to find that the person killing acted in self-defense on account of a reasonable fear aroused in his mind by words, threats, or menaces, in connection with the other facts in the case, is it for any reason error for the court to charge the jury that 'in no case' is provocation by words, threats, or menaces sufficient to free the person killing from the guilt and crime of murder, or to read to the jury the code section relating to voluntary manslaughter, which contains such language (Penal Code, § 65), without qualification or explanation in immediate connection therewith or elsewhere in the charge, or without instructing the jury as to their right to consider words, threats, or menaces in determining whether the circumstances leading up to or attending the homicide were such as to justify the fears of a reasonable man that his life was in imminent danger, or that a felony was about to be committed upon his person? In the absence of such qualification or explanation, is such an instruction subject to the criticism that it tends to convey to the minds of jurors the idea that they can not consider words, threats, or menaces in determining whether the killing was justifiable?"

We think that the rulings in *Price* v. *State,* 137 *Ga.* 71 (72 S. E. 908), and *Futch* v. *State,* 137 *Ga.* 75 (72 S. E. 911), afford an answer to the question. In the first case it was ruled: "The statute defining voluntary manslaughter contains the declaration that 'provocation by words, threats, menaces, or contemptuous gestures shall in no case be sufficient to free the person killing from the guilt and crime of murder.' The reading by the court of the entire code section definitive of voluntary manslaughter (Penal Code, § 65) containing the quoted language, while charging on the subject of voluntary manslaughter, is not subject to the criticism that by so doing the court entrenched upon the law of justifiable homicide, in that the reading of the section tended to convey to the jury the implication that they could not consider threats, accompanied by menaces, as defined in *Cumming* v. *State,* 99 *Ga.* 662 (27 S. E. 177), as sufficient cause to arouse the fears of a reasonable man that his life is in danger or that a felony is about to be perpetrated upon him." In the latter case it was ruled: "If

the defendants desired a charge to the effect that evidence of threats and menaces might be considered in connection with other evidence bearing on the subject of reasonable fears, they should have made a proper request therefor, if the facts warranted the giving of it." These rulings were reaffirmed in *Johnson* v. *State,* 139 *Ga.* 92 (76 S. E. 859). The code section defining voluntary manslaughter was construed in *Jackson* v. *State,* 45 *Ga.* 198, where it was said: "The obvious meaning of section 4259 of the Code, which provides that 'provocation by words, threats, menaces, or contemptuous gestures shall in no case be sufficient to free the person killing from the guilt and crime of murder,' is that homicide shall not by such means be reduced below murder; and not an implication that while provocation, etc., shall not free the person killing from the guilt and crime of murder, it may free him from the crime of voluntary manslaughter."

The question of the Court of Appeals is directed to the manner of the submission of the law of voluntary manslaughter and justifiable homicide, in cases where the evidence or the defendant's statement at the trial would authorize the jury to find that the person killing acted in self-defense on account of a reasonable fear aroused in the defendant's mind by words, threats, or menaces, in connection with other facts in the case. As was said by the late Mr. Justice Lamar in *Robinson* v. *State,* 118 *Ga.* 198 (44 S. E. 985): "That words, threats, menaces, and contemptuous gestures will not justify the taking of human life is as old as our criminal law. It has been reaffirmed and re-enacted four times in this State." This terse enunciation of the principle is none the more emphatic or positive than the language of Chief Justice Warner in *Malone* v. *State,* 49 *Ga.* 210 (7). It is passion under legal provocation which reduces a homicide from murder to voluntary manslaughter. The Penal Code (1910), § 65, specificially declares what shall and what shall not be sufficient provocation. That section is plain, positive, and pointed that provocation by words, etc., shall in no case be sufficient to free the person killing from the guilt and crime of murder. If one kills another solely because he is *provoked* by words, threats, menaces, or contemptuous gestures on the part of his victim, the statute brands the slayer as a murderer. The code section defining voluntary manslaughter deals with *provocation* as reducing the homicide; and not with conduct on the part of the

decedent calculated to excite the fears of a reasonable man that a felony is intended against the slayer's person, or that his life is in imminent danger. Provocation is not an element in self-defense or justifiable homicide. *Adkins* v. *State,* 137 *Ga.* 81 (6) (72 S. E. 897); Wharton on Homicide, § 235. The plea of self-defense rests upon the idea of necessity, apparent or real, which in law will excuse one for so grave an act as the taking of human life. A plea of self-defense is not sustained where it appears that the slayer took the life of his victim solely because he was provoked by words, menaces, threats, or contemptuous gestures. Any attempt to inject the law of defense of person or life in the definition of voluntary manslaughter would tend to a confusion rather than a differentiation of these two phases of homicide. It is certainly the better practice in instructing the jury, where the law of voluntary manslaughter is applicable, to submit the question independently of the instructions on justifiable homicide.

We are further asked by the Court of Appeals whether the rule on this subject is correctly laid down by them in the case of *Manson* v. *State,* 14 *Ga. App.* 837 (82 S. E. 763). With due deference to the opinion of our learned brethren, we think the principle of that decision is in conflict with the rulings of this court on the subject under discussion. *All the Justices concur.*