## 9633.  DARBY v. THE STATE.

BROYLES, P. J. 1. The motion by the accused for a continuance of the case on the ground of the absence of a witness did not come up, in several particulars, to the statutory requirements (Penal Code, § 987), and the judge did not abuse his discretion in overruling it.

2. The court did not err in admitting the alleged dying declaration of the deceased, which, according to the testimony, was made a few hours before his death and when he believed that he was about to die. Under all the facts surrounding it, disclosed by the record, the jury were authorized to find that the deceased was actually in the article of death at the time of the declaration; and the court clearly instructed the jury that they could not consider the alleged declaration unless they found that the deceased was, at the time he made it, in the very article of death. *Darby* v. *State,* 9 *Ga. App.* 700 (3), 703 (72 S. E. 182).

3. The excerpt from the charge upon the subject of voluntary manslaughter, complained of in the 4th special ground of the motion for a new trial, is not erroneous when considered with its context and in the light of the entire charge.

4. The court did not err in overruling those special grounds of the motion for a new trial based upon the disqualification of certain members of the jury which returned the verdict against the defendant. The showing by the movant was met by a counter-showing by the State, and it does not appear that the court abused its discretion in this matter.

5. The court did not err in refusing to give any of the instructions requested. So much of them as was legal and pertinent to the facts of the case was sufficiently covered by the charge given.

6. There is no substantial merit in any of the other special grounds of the motion for a new trial.

7. The defendant in this case has been three times convicted of the offense of voluntary manslaughter. Twice, on account of errors in the trial of the case, this court has granted him a new trial. 9 *Ga. App.,* supra; 16 *Ga. App.* 171 (84 S. E. 724). Upon the last trial no material error appears to have been committed; the charge of the court was fair, full, and as favorable to the defendant as he was entitled to under the law; and the verdict is amply supported by the evidence.

*Judgment affirmed. Bloodworth and Harwell, JJ., concur.*
DECIDED SEPTEMBER 17, 1918.

Conviction of manslaughter; from Toombs superior court—Judge Hardeman. October 4, 1917.

*E. J. Giles, G. W. Lankford, C. W. Sparks, J. K. Hines,* for plaintiff in error.

*Walter F. Grey, solicitor-general,* contra.