### 17523.   BROWN *v.* THE STATE.

The court did not err in charging on confessions or in refusing to give the requested instructions on that subject.

The evidence amply supported the verdict.

DECIDED NOVEMBER 9, 1926.

Violation of automobile law; from city court of Savannah— Judge Rourke.   June 1, 1926.

*Aaron Kravitch, Casper Wiseman,* for plaintiff in error.

*Walter C. Hartridge, solicitor-general, Leo A. Morrissy,* contra.

Criminal Law, 16 C. J. p. 717, n. 39; p. 940, n. 46; p. 1002, n. 21; p. 1036, n. 62; p. 1043, n. 32.

Highways, 29 C. J. p. 670, n. 59.

LUKE, J. The defendant was convicted of operating an automobile on a public highway while under the influence of intoxicating liquor. There was evidence adduced on the trial that the defendant was drunk; that he was on a public highway; that he was driving his own car, and that it ran into a truck and another automobile. All the special grounds of the motion refer to the charge on confessions.

The first special ground alleges that the court erred in refusing a request to charge as follows: "The State contends that the defendant made a confession. The defendant contends the defendant was so drunk he was not in possession of his mental faculties sufficiently to know what statements he was making, and therefore the confession could not be considered as an admission of guilt. A confession must be voluntary and made by a person who is sane and conscious and in possession of sufficient faculties to know what he was saying." The court refused to adopt the language of the request, but did charge the law of confessions in terms of the statute. Counsel insisted that the defendant was too drunk to make the confession alleged. For the court to have adopted the language of the request would have been to give undue emphasis to this contention of the defense. "A trial judge should not give a charge which is argumentative or expressive of an opinion on the facts of the case." *Johnson* v. *State,* 148 *Ga.* 547 (4) (97 S. E. 515). "The court did not err in refusing a request to charge in reference to dying declarations, where the instruction requested was couched in strongly argumentative language, and its essential substance was included in instructions given." *Darby* v. *State,* 16 *Ga. App.* 172 (5) (84 S. E. 724). The "essential substance" of this request was included in the instructions given. The court charged the jury that "all admissions should be scanned with care, and confessions of guilt should be received with great caution. A confession alone uncorroborated with other evidence will not justify a conviction. To make a confession admissible, it must have been made voluntarily, and without being induced by another by the slightest hope of benefit or the remotest fear of injury." Our lawmakers have purposely and wisely embodied the word "voluntary" in the statute on confessions. It is a broad term. It not only includes in its meaning freedom of choice, but also includes exercise of will with-

out constraint by any force or influence. It is defined as "brought about by free choice; unconstrained by extraneous force or influence; endowed with possessing or exercising will; acting without constraint by extraneous force." And "voluntarily" means "in a voluntary manner." It will thus be seen that the trial judge, in charging that a confession must have been made voluntarily, charged the jury in substance and in effect that the making of a confession must be an exercise of the will unconstrained by any force or influence of any character. If the defendant was too much under the influence of liquor to exercise his will, then the confession was not voluntary in the true sense; and of this the jury was the judge.

The second special ground of the motion for a new trial complains of the charge on confessions as given by the court. It suffices to say that the charge given was in terms of the statute, and was sufficiently full and fair.

The third special ground alleges error "because the court charged the jury on the law of confessions, which was not borne out by the evidence." In this contention there is no merit. The record shows that the defendant was drunk, was on a public highway, was in an automobile which ran into two other vehicles, and that when the county policeman came up the defendant said that "he was driving the car and took full responsibility for it, and he said that several times. . . He kept saying he took the responsibility, he was driving; he said it was his car." Under the facts of the case and the charge in the accusation, this was sufficient evidence to justify the charge on confessions as given by the court. Furthermore, the confession was not only corroborated by other testimony, but there was sufficient evidence to authorize a conviction had there been no confession. A witness for the State testified: "I found out *this man* [referring to the defendant] had run his car into Mr. Martin's truck and knocked it in the ditch or off the road somewhere." This was direct evidence that the defendant was driving, and, taken in connection with the other evidence relative to Mr. Martin's truck being run into, and the defendant being drunk and on a public highway, it was sufficient to authorize the verdict.

The evidence amply supported the verdict; there was no error

in the charge as alleged, and the court properly overruled the motion for a new trial.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*