23175. HOWELL *v*. THE STATE.

DECIDED AUGUST 31, 1933.

*Carlton C. McCamy, Paul H. Field,* for plaintiff in error.

*John C. Mitchell, solicitor-general,* contra.

BROYLES, C. J. In this case the evidence for the State and for the defendant shows that the deceased was at the home of the defendant, and had so conducted himself that the defendant had requested him "to hush." The evidence for the defendant discloses also that the deceased was staggering around and had a jug; that some time thereafter the deceased went away and came back with a rifle; that the wife of the defendant screamed and a considerable struggle occurred between the deceased and the defendant, and that other persons present joined in the struggle and succeeded in taking the rifle from the deceased. The defendant, in his statement to the jury, said that the deceased came to his house with a jug, and behaved first "as nice as anybody. Then he got to talking loud and said that he heard I had tried to raise a racket: I told him to be quiet and not to do that, and he told me that I was the 'God damn contrariest fellow' he ever seen, and then he went off and came back with a rifle, which all of us took from him;" that the deceased also opened his knife and put it in his pocket (this circumstance being corroborated by other witnesses); that after this occurrence and after most of the witnesses had gone, the deceased again came into the defendant's house with a shotgun, and the defendant's wife started crying, and "I [the defendant] run out in the back through the kitchen door, and then I run back in there and slammed the door. I had this stick in my hand, and I told him to go back in there and we would talk it over in the morning. He is one of those high-strung fellows that you couldn't talk to. I hit him with an ordinary bed slat held in my right hand, and I never knocked him down the first time. I just shoved him three times and he let the gun and all fall. I had no intention of killing him. He came to the door with a shotgun and I meant to

make him get away." The court charged sections 70 and 71 of the Penal Code, but refused a written request to give a charge which embraced section 72 and some additional language. Section 70 of the Penal Code is a general section with reference to justifiable homicide, covering both the defense of person and the defense of habitation and property. It seems to us, under the contentions in this case, that the request to charge which included therein section 72 was especially applicable, and since the court did not give this principle in charge, other than as embodied in the language of section 70, we think the refusal to give the charge was error. The requested charge was as follows: "If after persuasion, remonstrance, or other gentle measures used, a forcible attack and invasion on the property or habitation of another can not be prevented, it shall be justifiable homicide to kill the person so forcibly attacking and invading the property or habitation of another; but it must appear that such killing was absolutely necessary to prevent such attack and invasion, and that a serious injury was intended or might accrue to the person, property, or family of the person killing. I charge you further in this connection that one who may rightfully eject another from his house has the right to use whatever force is necessary to accomplish that purpose. Necessity for its use is the test, even to taking life, and killing in good faith an intruder with a weapon, who assails an inmate, is justifiable under this rule." The evidence discloses further that the deceased acted "crazy," whether from drink or not; that he had tried with gun and knife and making threats, prior to this time, to enter the home of the defendant, and that at the time of the killing he had come again to the defendant's home and refused to leave, and again made threats and, according to the defendant's statement, had a shotgun in his hands. The evidence as to such conduct required the charge in the language of the request. The very gist of the defendant's defense was based upon that language. The request to charge was not otherwise covered in the charge of the court, and should have been given even without a request. The additional paragraph in the request does not change or modify section 72 of the code, and is but an elaboration of the section, and was a proper and pertinent request. In *Pound* v. *State*, 43 *Ga.* 89, 137, Lochrane, C. J., referring to the principle under consideration, says: "This applies to the right of defense growing out of an attack upon a man, or his

property, or family, *where they are at his home.*" (Italics ours.) We think that the requested charge was pertinent and proper, and that the failure of the court so to charge deprived the defendant of its benefit when the jury came to consider his case.

■ The refusal of the court to give the other requested charge was not error for any reason assigned. The principles of law embodied in the request, which were pertinent and applicable to the facts of the case, were sufficiently covered by the charge given, which fully and fairly instructed the jury upon the fears of a reasonable man and upon the right of the defendant to use whatever force was necessary in defense of himself and his family.

Complaint is made of the following excerpt from the charge: "I charge you that provocation by words, by threats, by menaces or contemptuous gestures shall in no case be sufficient to free the person doing the killing from the guilt and crime of murder." The error assigned is the failure of the court to qualify the charge by adding thereto the following instructions: "If, however, such words, threats, menaces or contemptuous gestures were used and were sufficient, under all the circumstances of the case, to arouse a reasonable fear on the part of the accused that his life was in danger, and if he acted under the influence of such fear he would be justifiable." Under the facts of the case (including the charge of the court) and the ruling in *Deal* v. *State,* 145 *Ga.* 33 (88 S. E. 573), and same case, 18 *Ga. App.* 70 (7) (88 S. E. 902), the charge was not subject to the exception.

Since the judgment is reversed upon a special ground of the motion for a new trial, the general grounds of the motion are not passed upon.

The foregoing is the opinion of the majority of this court. The writer agrees with the holdings of his colleagues except as hereinafter stated. Conceding that under the facts of the case a timely and appropriate written request to charge section 72 of the Penal Code should have been given, special ground 1 of the motion for a new trial (complaining of the refusal to give a certain instruction) discloses no error, for the reason that the request to charge therein set forth embodied not only that code section, but contained in addition thereto other language, a portion of which was used by this court in headnote 3 of *Rossi* v. *State,* 7 *Ga. App.* 732 (68 S. E. 56). The additional language was not strictly applicable to the

facts of the instant case, and the court, therefore, in my opinion, did not err in refusing to give the requested charge. It is well settled by repeated decisions of the Supreme Court and of this court that it may be error for the trial judge in his charge to the jury to use language employed by the appellate courts.

*Judgment reversed. MacIntyre and Guerry, JJ., concur. Broyles, C. J., dissents.*