AVERY MILLER v. W. A. BUMGARNER, C. H. COLVARD, AND C. C. FAW.

(Filed 18 March, 1936.)

**Limitation of Actions C a—Payment on note by maker without agreement for extension to definite time does not prevent bar as to endorsers.**

> Payment of interest and part payment of principal by the maker of a note, without agreement for extension of time for payment of the principal of the note for a definite period or to a date certain, does not prevent the running of the statute of limitations in favor of the endorsers, even though the note provides on its face for waiver by all parties to the note of extension of time for payment.

APPEAL by defendants Colvard and Faw from *Phillips, J.,* at October Term, 1935, of WILKES.

*J. H. Whicker, John R. Jones, and J. M. Brown for plaintiff.*
*Trivette & Holshouser for defendants, appellants.*

DEVIN, J.   This was an action on a note for $350.00, due 25 August, 1926, executed by defendant Bumgarner, and endorsed by defendants Colvard and Faw.

Defendant Bumgarner filed no answer, but the endorsers set up the defense of release by extension of the time for payment, and pleaded the statute of limitations.

The note contained these words: "Protest, presentment, notice of dishonor, extension of time of payment waived by all parties to this note." On the back of the note appear the signatures of the appealing defendants and the following credits: "May 25, 1927, int. paid, $15.00; Nov. 29, 1927, received on principal, $125.00; Jan. 7, 1928, $50.00; May 20, 1930, on interest, $2.00."

Suit was instituted 21 May, 1932.

On the trial below there was a verdict and judgment for plaintiff.

Construing similar extension agreements in negotiable instruments, in *Wrenn v. Cotton Mills,* 198 N. C., 89, this Court said: "By the terms of this contract defendants waived such notice (notice of dishonor); also they waived defenses based upon an extension of time of payment. The latter waiver, however, imports a legal extension of time which would be effective against the defendants. Granting that time of payment may be extended,   .   .   .   we are confronted by the general rule that such an agreement must fix a definite time when payment is to be made. The time thus agreed on should be as definite as that which is required when the note is originally executed."

And in *Corporation Commission v. Wilkinson,* 201 N. C., 344, it is said: "In order to bind the endorsers two things are essential to such an

agreement: (1) Waiver of the defense that the time of payment has been extended; (2) mutual assent to a definite time when payment is to be made."

In the recent case of *Bank v. Hessee,* 207 N. C., 71, *Brogden, J.,* thus clearly states the law: "Ordinarily payments made by a principal will not deprive an endorser of the benefit of the defense of the bar of the statute of limitations. *Houser v. Fayssoux,* 168 N. C., 1; *Franklin v. Franks,* 205 N. C., 96. This principle, however, does not apply when the endorser has consented in the body of the instrument itself to such extensions; provided, of course, that such extensions are for definite periods of time. *Revell v. Thrash,* 132 N. C., 803."

In the case at bar the only competent evidence of agreements for extensions of time for payment is that implied by the credits on the note. While these credits would prevent the bar of the statute as to the principal, they are not for definite periods of time, nor do they fix a definite time when payment is to be made, so as to bring this case within the rule laid down in the cited cases.

It follows that the action as to the appealing defendants, who were accommodation endorsers, is barred by the statute of limitations, and that they were entitled to have their motion for nonsuit allowed.

Reversed.