MRS. DELLA LUTHER v. J. W. LEMONS AND W. G. SMITHERMAN

and

RAYMOND LUTHER v. J. W. LEMONS AND W. G. SMITHERMAN.

(Filed 15 June, 1936.)

1. **Limitation of Actions C a—Where endorser waives extension of time, payment of interest by maker for definite extension prevents running of statute in favor of endorser.**

    Where the face of the note contains an agreement of the parties to remain bound, notwithstanding any extension of time granted the principal debtor, and waiver of notice of such extension, successive payments of interest for one year in advance by the maker and extension of the maturity of the note for one year from such payment by request of the maker, prevents the running of the statute of limitations in favor of an endorser before delivery, and the cause of action against such endorser accrues at the expiration of the last extension of time for the definite period of one year.

2. **Bankruptcy E c—**

    The discharge in bankruptcy of the maker of a note does not affect the liability of an endorser of the note before delivery.

APPEALS by plaintiffs from *Clement, J.,* at September Term, 1935, of MONTGOMERY. New trial.

The above entitled actions were consolidated for trial by consent, and were tried together on the issues arising on the pleadings in each action. Both actions were begun on 31 October, 1934.

On 24 January, 1927, the defendant J. W. Lemons executed and delivered to the plaintiffs, respectively, two notes, one in the sum of

$1,800, payable to the plaintiff Mrs. Della Luther, and the other in the sum of $1,200, payable to the plaintiff Raymond Luther. The consideration for each note was money loaned to the defendant J. W. Lemons by the payee in said note. Each of said notes was due and payable one year after its date, with interest after its maturity at the rate of six per cent per annum until paid, and was endorsed before its delivery by the defendant W. G. Smitherman. Each of said notes at the time it was executed by the defendant J. W. Lemons, and at the time it was endorsed by the defendant W. G. Smitherman, contained a paragraph as follows:

"All parties and endorsers to this note hereby waive protest, presentation and notice of dishonor, and agree to continue and remain bound for payment of this note, and interest, notwithstanding any extension of time granted to the principal debtor, hereby waiving all notice of such extension of time."

The defendant J. W. Lemons, as maker and as principal debtor, paid interest on each of said notes annually, in advance, up to and including 24 January, 1931. At his request, the maturity of said note was extended by the holder for one year from the date of each payment of interest. The defendant W. G. Smitherman had no notice of such extension and did not know until some time during the year 1933 that said notes had not been paid at their maturity by the defendant J. W. Lemons.

On 28 April, 1931, the defendant J. W. Lemons filed a petition in bankruptcy, and on 3 July, 1931, received his discharge. The plaintiff in each of the actions filed a claim in the bankrupt court against the estate of the bankrupt, and received a dividend from said estate which was duly credited on his note. Since his discharge, the defendant J. W. Lemons has made payments on each of said notes, which have been duly credited by the holder of said note.

The court instructed the jury that each of the actions is barred as to the defendant W. G. Smitherman by the three-year statute of limitations, that plaintiff in said action is not entitled to recover of the said defendant, and that the jury should answer the 2d issue "Yes," and 3d issue "Nothing."

The plaintiffs duly excepted to these instructions.

In accordance with the instructions of the court, the jury found in answer to issues submitted by the court in each action that said action is barred as to the defendant W. G. Smitherman by the statute of limitations, as alleged in the answer, and that plaintiff in said action is not entitled to recover of the said defendant.

From judgments in accordance with the verdict, the plaintiffs appealed to the Supreme Court, assigning as error the instructions of the court to the jury on the 2d and 3d issues.

*J. M. Daniel, Jr., for plaintiffs.*
*Howard M. Klutz and R. T. Poole for defendant W. G. Smitherman.*

CONNOR, J. The evidence for the plaintiffs at the trial of these actions tended to show that the maturity of each of the notes sued on was extended from year to year, by the plaintiff in each action, as the holder of said note, at the request of the defendant J. W. Lemons, the maker, and therefore the principal debtor on each note, to 24 January, 1932. By reason of such extensions, the cause of action on each note did not accrue until 24 January, 1932. Both actions were begun on 31 October, 1934. Neither action is therefore barred by the three-year statute of limitations as against the defendant W. G. Smitherman, who at the time he endorsed both notes agreed to continue and remain bound for the payment of said notes, notwithstanding any extension of time granted to the principal debtor, and waived all notice of such extensions.

In *Bank v. Hessee,* 207 N. C., 71, 175 S. E., 826, it is said: "Ordinarily, payments made by a principal will not deprive an endorser of the benefit of the defense of the bar of the statute of limitations. *Houser v. Fayssoux,* 168 N. C., 1, 83 S. E., 692; *Franklin v. Franks,* 205 N. C., 96, 170 S. E., 692. This principle, however, does not apply where the endorser has consented in the body of the instrument itself to such extensions; provided, of course, that such extensions are for a definite period of time. *Revell v. Thrash,* 132 N. C., 803, 44 S. E., 596." See *Miller v. Bumgarner,* 209 N. C., 735, 184 S. E., 468.

The discharge of the defendant J. W. Lemons in the bankruptcy proceeding instituted by the petition filed by him did not affect the liability of the defendant W. G. Smitherman as an endorser on the notes sued on. Section 34 of the National Bankruptcy Act is as follows: "The liability of a person who is a codebtor with, or guarantor or in any manner a surety for, a bankrupt, shall not be altered by the discharge of such bankrupt."

For error in the peremptory instructions of the court on the 2d and 3d issues submitted to the jury, the plaintiffs are each entitled to a new trial. It is so ordered.

New trial.