WALKER *v.* THE STATE.

No. 12531. OCTOBER 12, 1938.

*Roy B. Rhodenhiser Jr.,* for plaintiff in error.

*M. J. Yeomans, attorney-general, Charles H. Garrett, solicitor-general, Ellis G. Arnall, Emil J. Clower,* and *Norman E. English,* contra.

GRICE, Justice. The rulings made in headnotes 1 and 2 will be dealt with together. The decision of this court in *Deal* v. *State,* 145 *Ga.* 33 (88 S. E. 573), rules adversely to plaintiff in error the question here presented. In that case it was held:

"1. On the trial of one for murder, where the evidence or the defendant's statement at the trial would authorize the jury to find that the person killing acted in self-defense on account of a reasonable fear aroused in his mind by words, threats, or menaces, in connection with the other facts in the case, it is not erroneous for the court, in instructing the jury on the law of voluntary manslaughter, as contained in the Penal Code of 1910, § 65, to fail or refuse to charge in immediate connection therewith the right of the jury to consider words, threats, or menaces in determining whether the circumstances attending the homicide were such as to justify the fears of a reasonable man that his life was in imminent danger or that a felony was about to be committed upon his person.

"2. Instructions on the law of voluntary manslaughter and justifiable homicide should be independent of each other.

"3. Although the facts of a given case might authorize an instruction as to the right of the jury to consider words, menaces, or

threats, in connection with the facts of the case, as being sufficient to arouse the fears of a reasonable man that his person was in apparent or real danger of a felonious attack or that his life was in imminent danger, the failure to give such an instruction would not be erroneous solely for the reason that the court gave in charge to the jury the law of voluntary manslaughter in the language of the Penal Code of 1910, § 65."

The principle there established was reaffirmed and approved in *Gossitt* v. *State,* 182 *Ga.* 535, 538. In the instant case the judge gave the prisoner the benefit of the law of justifiable homicide while acting under the fears of a reasonable man, by charging verbatim the provision of the Code, § 26-1011, as well as § 26-1012. The court further charged, in immediate connection therewith: "If you should believe this defendant did kill Pearl Coley, but you should further believe at the time he killed her she was making a felonious assault upon the person of the defendant, or if you believe the deceased intended by violence or surprise to commit a felonious assault on the person of the defendant, or if you should believe the circumstances surrounding the killing were such as to excite the fears of a reasonable person that the deceased intended or was about to commit a felonious assault on the defendant, and if you believe, acting under the influence of those fears and not in a spirit of revenge, this defendant shot and killed her, he would be entitled to an acquittal." This charge gave the accused the benefit of any defense of justifiable homicide which arose under his statement to the jury. There is nothing in *Cumming* v. *State,* 99 *Ga.* 662 (27 S. E. 177), relied on by counsel for plaintiff in error, contrary to what is here ruled. See *Vernon* v. *State,* 146 *Ga.* 709, 713 (92 S. E. 76).

The refusal to give the requested charge as stated in headnote 3 was not erroneous. The request was not a correct statement of the law. *Bailey* v. *State,* 70 *Ga.* 617 (3), 621. See also *Robinson* v. *State,* 118 *Ga.* 198 (44 S. E. 985); *Deal* v. *State, Vernon* v. *State,* supra. Especially does this ground of the motion show no error when the court in the charge to the jury gave the defendant the benefit of the law with respect to a homicide committed by a person while acting under the fears of a reasonable man. The evidence justified the verdict.

*Judgment affirmed. All the Justices concur.*