29233. VINES *v.* THE STATE.

DECIDED OCTOBER 18, 1941.

*Marvin A. Allison, Thomas O. Davis,* for plaintiff in error.
*Hope D. Stark, solicitor-general,* contra.

BROYLES, C. J. The defendant was indicted for murder and convicted of voluntary manslaughter. The only assignment of error in the bill of exceptions is upon the overruling of the motion for new trial.

The evidence, while in sharp conflict, authorized the verdict, and the general grounds of the motion are without merit. A special ground complains of the following excerpt from the charge: "Provocation by mere words, threats, menaces, or contemptuous gestures shall in no case be sufficient to reduce the homicide from murder to manslaughter." It is alleged that the charge was error because its effect was to mislead the jury and to convey to them the idea that words, threats, menaces, or contemptuous gestures should not be considered by them in making their verdict, since the court did not instruct them anywhere in its charge that they might consider whether the words, threats, menaces, or contemptuous gestures were sufficient, under the circumstances of the homicide, to arouse a reasonable fear on the part of the accused that a felony was about to be committed upon him, or that his life was in danger, and whether the accused acted under the influence of that fear. The other special ground assigns error on the failure of the court to instruct the jury that they might consider whether the words, threats, menaces, or contemptuous gestures, were sufficient under the circumstances surrounding the homicide to arouse a reasonable fear on the part of the accused that his life was in danger, or that a felony was about to be committed on him, "and that [whether?] the accused acted under the influence of that fear." The ground further alleged that especially the failure to so charge was error because the accused set up the defense that he was acting under the fears of a reasonable man, such fears being aroused by words, threats, menaces, and contemptuous gestures by the deceased. However, there was no request for such a charge,

and the court correctly charged the law of justifiable homicide, including the fears of a reasonable man. Neither of the special grounds shows cause for a new trial. See in this connection the well-considered decision of the Supreme Court in *Deal* v. *State*, 145 *Ga.* 33 (88 S. E. 573), and authorities cited therein, which was rendered in answer to a certified question from this court. The refusal to grant a new trial was not error.

    *Judgment affirmed.* *MacIntyre and Gardner, JJ., concur.*