### FANN *v.* THE STATE.

JENKINS, Justice. 1. The evidence authorized the verdict of guilty.

2. The court did not err in excluding testimony by the officer who brought the defendant from another State back to this State, as to statements made by the defendant in the city of his arrest, since such testimony so far as it could have benefited the defendant amounted to only a self-serving declaration.

3. While it is true that a general charge on the subject of voluntary manslaughter in the language of the Code will not suffice, where under the

evidence, as distinguished from the statement of the accused, the jury would be authorized to find that the homicide occurred under circumstances showing a mutual intention to fight (*Waller* v. *State*, 100 *Ga.* 320, 28 S. E. 77; *Findley* v. *State*, 125 *Ga.* 579 (3), 583, 54 S. E. 106; *Buchanan* v. *State*, 153 *Ga.* 866, 869, 870, 113 S. E. 87; *Shafer* v. *State*, 191 *Ga.* 722 (3, 4), 13 S. E. 2d, 798, and cit.), the evidence in this case shows that the deceased was actually shot and killed while standing unarmed with only a rag and a package of cigarettes in his hand, which he had removed from his pocket; and there is nothing in the testimony which would have authorized a charge on the law of mutual combat. See *Irwin* v. *State*, 194 *Ga.* 690 (22 S. E. 2d, 499); *Mims* v. *State*, 188 *Ga.* 702 (7), 706 (4 S. E. 2d, 831); *Brannon* v. *State*, 188 *Ga.* 15, 19 (2 S. E. 2d, 654); *Tate* v. *State*, 46 *Ga.* 148, 158; *Slocumb* v. *State*, 157 *Ga.* 131 (3) (121 S. E. 116); *Crawford* v. *State*, 149 *Ga.* 485, 488 (100 S. E. 633).

4. The instruction on the law of flight from the scene of a crime shows no prejudicial error.

5. Even where the law of voluntary manslaughter, under the Code, § 26-1007, is involved under the evidence, or is charged without exception by the defendant, and where the law of justifiable homicide, under §§ 26-1011 and 26-1012, is involved, and instructions are given as to the legal rules in the sections stated, it is not error, as here complained of, to fail to charge the law of justifiable homicide in immediate connection with the charge on the general law of voluntary manslaughter. *Walker* v. *State*, 186 *Ga.* 882, 884 (199 S. E. 231); *Gossitt* v. *State*, 182 *Ga.* 535 (4), 538 (186 S. E. 417); *Deal* v. *State*, 145 *Ga.* 33, 34 (88 S. E. 573).

6. The statement by the solicitor-general in his argument to the jury, that the defendant shot the deceased "like a bloodthirsty wretch," did not require that a mistrial be declared, where such statement, in reply to a similar statement with reference to the deceased by counsel for the defendant, was not made extraneously but as a deduction from testimony for the State, discussed in connection therewith.

*Judgment affirmed. All the Justices concur.*

No. 14365. DECEMBER 2, 1942. REHEARING DENIED DECEMBER 14, 1942.

*Grady Gillon,* for plaintiff in error.

*Ellis G. Arnall, attorney-general, Charles H. Garrett, solicitor-general,* and *E. L. Reagan, assistant attorney-general,* contra.