## 31690. POWELL v. THE STATE.

DECIDED SEPTEMBER 23, 1947.

706

*Charles A. Pannell, Mitchell & Mitchell, Walter H. Bolling,* for plaintiff in error.

*J. H. Paschall, Solicitor-General, M. C. Tarver,* contra.

GARDNER, J. ■ The general grounds and special ground 4 of the motion attack the verdict on the ground that the record does not support the verdict of voluntary manslaughter; that from the State's viewpoint the defendant was guilty of murder and from the defendant's standpoint he was justified or that the homicide was a result of an accident. Upon reading the defendant's statement, it is clear to our minds that the record sustains the verdict of voluntary manslaughter; that the tussle and words between the deceased and the officer were sufficient for a jury to determine that other equivalent circumstances existed to justify the excitement of passion on the part of the police officer and that after this occurrence the deceased ran away and was shot in the back while running.

■ Special ground 1 assigns error because of the following excerpt from the charge of the court: "In other words, voluntary manslaughter is the intentional killing of a human being, or the killing

of a human being by the use of an instrument, that in the manner that is used at the time, is likely to kill, but a killing under circumstances to justify the excitement of passion, and to exclude all idea of deliberation or malice, either express or implied." The assignments of error to this charge are generally to the effect that the court should have, in this connection, instructed the jury that voluntary manslaughter is the *unlawful,* intentional killing, and that in not so instructing the jury the charge was confusing and misleading to the jury. Immediately before giving the excerpt quoted above, the court in instructing the jury with reference to voluntary manslaughter, used the following language: "I charge you, gentlemen, that manslaughter is the unlawful killing of a human creature without malice, either express or implied, and without any mixture of deliberation whatever, which may be voluntary upon a sudden heat of passion." The failure of the court to repeat in the excerpt that the intentional killing of the deceased under a heat of passion must be *unlawful,* is not reversible error under the facts of this case. The excerpt on which error is assigned is merely further in explanation of a charge already given on the subject of voluntary manslaughter. When we look to the charge as a whole, the jury could not have been misled or confused. In our opinion the charge in the instant case as to voluntary manslaughter, when we view the charge as a whole, removes it from the principle of law laid down in *Darby* v. *State,* 16 *Ga. App.* 171 (84 S. E. 724), relied on by the plaintiff in error.

■ Special ground 2 assigns error because the court erred in its charge to the jury upon voluntary manslaughter as follows: "Provocation by words, threats, menaces, or contemptuous gestures, shall in no case be sufficient to free the person killing from the guilt and crime of murder. The killing must be the result of that sudden, violent impulse of passion, supposed to be irresistible; for if there should have been an interval between the assault or provocation given, and the homicide, sufficient for the voice of reason and humanity to be heard, the killing shall be attributed to deliberate revenge, and be punished as murder." And further because the court did not in connection therewith call the jury's attentions to the fact that nevertheless words, threats, or menaces may justify a killing if the circumstances be such as to arouse the fears of a reasonable man that a felony is about to be

committed upon him, and that if such fears were so aroused, and the defendant took the life of the deceased under such fears, that a felony was about to be committed upon him, the defendant would have been justified. It will be noted that the court was, in this connection, charging the law of voluntary manslaughter. The court had already charged the law of justification. It has been many times held that the principle of reasonable fears, aroused by words, threats, menaces or contemptuous gestures, that a felony is about to be committed upon the slayer, is applicable only to the principle of justification in self-defense, and has no place in the principle of law as applied to voluntary manslaughter. See, in this connection, *Deal* v. *State,* 18 *Ga. App.* 70 (7) (88 S. E. 902); *Gresham* v. *State,* 70 *Ga. App.* 80 (27 S. E. 2d, 463); *Price* v. *State,* 137 *Ga.* 71 (7) (72 S. E. 908); *Futch* v. *State,* 137 *Ga.* 75 (72 S. E. 911); *Deal* v. *State,* 145 *Ga.* 33 (88 S. E. 573); *Hill* v. *State,* 164 *Ga.* 298 (138 S. E. 229); *Tye* v. *State,* 198 *Ga.* 262 (31 S. E. 2d, 471). This ground is without merit.

■ Special ground 3 assigns error upon the refusal of the court to give the following in charge as duly requested: "I charge you that if you believe under the evidence that the killing occurred under the circumstances as contended by the defendant, that is, that the deceased was endeavoring to commit a violent assault amounting to a felony, or that the circumstances were such as to justify the fears of a reasonable man that his life was in danger, and in attempting to avert the threatened injury defendant shot into the ground or sidewalk to keep the deceased from advancing on him with a rock or other instrument, with which the deceased was attempting to commit assault upon the defendant, and the bullet from the pistol hit the sidewalk or some other hard surface and ricocheted and struck the deceased and killed him, the defendant under these circumstances would not be guilty and you should acquit the defendant." The court charged and gave the benefit of the law of justifiable homicide, voluntary manslaughter, involuntary manslaughter in the commission of an unlawful act, and in the commission of a lawful act without due caution and circumspection, and also charged and gave the defendant the benefit of an accidental killing. When we read the charge as a whole in the light of the State's evidence and the whole record,

the court did not err, under the facts of this case, in refusing to give the charge as requested.

*Judgment affirmed.   MacIntyre, P. J., and Parker, J., concur. Parker, J., designated to preside in place of Townsend, J., disqualified.*