18551. STEVENS *v*. THE STATE.

SUBMITTED APRIL 13, 1954—DECIDED MAY 19, 1954.

648

652

*H. M. Hodges, C. L. Cowart,* for plaintiff in error.

*B. D. Dubberly, Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson,* contra.

HEAD, Justice. 1. In the first amended ground of the motion for new trial it is contended that the court erred in charging the jury, that "Provocation by words, threats, menaces or contemptuous gestures shall in no case be sufficient to free the person killing from the guilt and crime of murder," without calling the attention of the jury to the fact that words, threats, or menaces may justify a killing if the circumstances are such as to arouse the fears of a reasonable man that his life is in danger, or that a felony is about to be committed upon him.

The excerpt from the charge complained of was given in connection with an instruction on voluntary manslaughter. In another portion of the charge the court gave instructions on justifiable homicide under the fears of a reasonable man. No request was made for an instruction that words, threats, and menaces could be considered in determining whether the defendant acted under the fears of a reasonable man.

Even if it be assumed that the evidence or the defendant's statement raised an issue as to justifiable homicide, no error is shown in this ground. *Price v. State,* 137 *Ga.* 71 (72 S. E. 908); *Futch v. State,* 137 *Ga.* 75 (72 S. E. 911); *Adkins v. State,* 137 *Ga.* 81 (72 S. E. 897); *Deal v. State,* 145 *Ga.* 33 (88 S. E. 573); *Vernon v. State,* 146 *Ga.* 709, 713 (92 S. E. 76); *Rawls v. State,*

160 *Ga.* 605 (2) (128 S. E. 747); *Hartley* v. *State,* 168 *Ga.* 296 (147 S. E. 504); *Gossitt* v. *State,* 182 *Ga.* 535, 538 (4) (186 S. E. 417); *Booker* v. *State,* 183 *Ga.* 822 (4) (190 S. E. 356); *Walker* v. *State,* 186 *Ga.* 882, 884 (199 S. E. 231); *Tye* v. *State,* 198 *Ga.* 262, 264 (31 S. E. 2d 471).

2. In ground 2 it is asserted that the court erred in charging the jury that the defendant "would not have the right to kill him . . . upon the theory that Mr. Long might kill him at some future time." It is insisted that this was not a correct statement of the law, that it unduly restricted the jury in a consideration of the defendant's contention that he was acting under the fears of a reasonable man that his life was in danger, and was inconsistent with a correct charge previously given on the subject of reasonable fears, and would therefore be confusing and misleading to the jury.

This statement in the charge was followed immediately with the instruction: "On that question, gentlemen of the jury, you are confined to a consideration of the facts as they then existed at the time of the killing to see whether or not he acted under the fears of a reasonable man and in the light of all of the evidence including the question of the alleged threats made by the deceased."

The jury should not have been confused by the statement objected to in this ground. It was plain that the court meant that, while the defendant would be justified if he killed the deceased under the fears of a reasonable man that his life was in immediate danger, or that a felony was about to be committed on him, he would not be justified in killing the deceased because of a fear that at some indefinite time in the future the deceased might kill him.

3. In ground 3 it is asserted that it was error, requiring the grant of a new trial, for the court to fail to charge the principle of law embodied in Code § 26-1017, as follows: "The homicide appearing to be justifiable, the person indicted shall, upon the trial, be fully acquitted and discharged." While the court instructed the jury on the forms of verdict which they might render on the murder charge, or in the event they found the defendant guilty of voluntary manslaughter, and instructed them as to their verdict should they have a reasonable doubt of the

defendant's guilt of either offense, they were not instructed that, if they found the defendant justified, they should acquit him. It is contended that this omission had the effect of withdrawing from the consideration of the jury the defendant's contention of justifiable homicide as a separate, substantive, and affirmative defense, and gave the defendant the benefit of his theory of justifiable homicide only as a negative defense.

A careful consideration of the evidence and the defendant's statement in the present case convinces us that justifiable homicide was not in issue. While there was evidence showing that, a few hours before the homicide, the deceased and the defendant had engaged in a fight, in which the deceased was apparently the aggressor, this incident was finished by the defendant leaving the home of the deceased, where the fight had occurred. The trial judge charged the jury on voluntary manslaughter and instructed them that it was their duty to determine whether there had been sufficient cooling time between the fight and the homicide "for the voice of reason and humanity to be heard." It appears from the evidence and the defendant's statement that, after the defendant left the home of the deceased, he made considerable effort to arm himself and then returned to the home of the deceased. In his statement the defendant claimed that he thought the deceased would be in jail because of a warrant he had sworn out against the deceased, and he only wanted to see his wife and children, but this contention is hardly reconcilable with his efforts to provide himself with a gun. Under all the evidence and the defendant's statement, the deceased was unarmed and offered no violence to the defendant at the time the defendant shot him.

The trial judge gave the defendant the benefit of a charge on justifiable homicide, which he was not required to do under the evidence and the defendant's statement, and his failure to charge the principle contained in Code § 26-1017 was not error.

*Judgment affirmed. All the Justices concur.*